THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALLEN JONES, Defendant-Appellant.

First District (5th Division)   No. 1—87—0240

Opinion filed March 1, 1991.

Michael J. Pelletier and Leslie Wallin, both of State Appellate Defender's Office, of Chicago, for appellant.

John P. O'Malley, State's Attorney, of Chicago (Inge Fryklund, Kenneth T. McCurry, and John G. Mulroe, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant, Allen Jones, appeals from the dismissal, without an evidentiary hearing, of his petition filed under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122–1 *et seq.*). We consider the following two issues: (1) whether defendant presented sufficient facts to support his claim that there was an actual conflict of interest when his appointed public defender had to argue that other public defenders rendered ineffective assistance of counsel; and (2) whether defendant's petition sufficiently alleged ineffective assistance of counsel for failure to call a witness when the petition was not supported with an affidavit. We affirm.

Defendant, while serving a 15-year prison sentence for attempted armed robbery, filed a *pro se* petition for post-conviction relief. He alleged he was denied his constitutional right to effective assistance of trial and appellate counsel who were public defenders. Relevant on appeal, he alleged that his trial attorney failed to interview and call a certain witness to testify on his behalf.

With the filing of his petition, defendant moved for the appointment of an attorney other than a public defender to represent him in the post-conviction proceeding. Initially, a public defender was ap-

pointed and moved to withdraw, citing a conflict of interest because defendant alleged ineffective assistance of other public defenders. The trial judge granted the motion but subsequently vacated his order on the instruction of the presiding judge. The trial judge again appointed a public defender to represent defendant in the post-conviction proceeding. The public defender moved to withdraw for a second time, citing defendant's lack of cooperation. That motion was denied.

The public defender then filed a certificate under Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) stating that she consulted with defendant by mail on numerous occasions and she read the report of proceedings and defendant's *pro se* petition. She found the petition adequately stated defendant's claims without requiring amendment or supplement.

On the State's motion, the trial judge dismissed defendant's post-conviction petition and defendant now appeals.

OPINION

Defendant first argues that there was an actual conflict of interest when his appointed public defender had to argue that other public defenders rendered ineffective assistance of counsel.

■ There is no *per se* conflict of interest when one public defender must argue the ineffective assistance of another public defender. (*People v. Banks* (1987), 121 Ill. 2d 36, 520 N.E.2d 617.) In post-conviction proceedings, a defendant does not have an automatic right to a private attorney when he alleges a public defender rendered ineffective assistance of counsel. (*Banks*, 121 Ill. 2d 36, 46, 520 N.E.2d 617 (Clark, C.J., specially concurring, joined by Ward, Ryan, and Miller, JJ.).) In such situations, the court should determine, on a case-by-case basis, whether there are any circumstances peculiar to the case which indicate an actual conflict of interest. *Banks*, 121 Ill. 2d 36, 520 N.E.2d 617.

To support such a claim, a defendant has the burden to demonstrate that there was an actual conflict and that he was prejudiced when he was denied the appointment of a private attorney. (*Banks*, 121 Ill. 2d 36, 45, 520 N.E.2d 617 (Clark, C.J., specially concurring).) For example, this court recently reversed and remanded a case for an inquiry when defendant declined the representation of a public defender who would have had to argue the ineffective assistance of his trial partner. *People v. Vaughn* (1990), 200 Ill. App. 3d 765, 558 N.E.2d 479.

■ In this case, defendant claims an actual conflict was demonstrated because the public defender declined to amend his *pro se* post-

conviction petition and did not argue its allegations. However, defendant is not claiming on appeal that the public defender representing him in the post-conviction proceeding was ineffective. Rather, he states her "less than vigorous" representation established she was "inhibited" by the conflict.

Defendant is thus alleging that the conflict had an effect on the public defender but does not provide any facts to establish what that conflict was, other than the fact that she was also a public defender. The fact that the public defender did not amend defendant's petition does not address whether there were facts peculiar to the case to indicate an actual conflict of interest. As the supreme court stated in *Banks*, an actual conflict of interest is not presumed when one public defender must argue the ineffective assistance of another. Defendant failed to present any facts to indicate an actual conflict of interest and, therefore, the trial judge properly appointed a public defender to represent defendant in the post-conviction proceeding.

Defendant also argues that his post-conviction petition sufficiently alleged ineffective assistance of trial counsel for failure to call a witness who would have corroborated his testimony.

■■ A post-conviction petition must be supported with "affidavits, records, or other evidence" or explain why such supporting documents are not attached. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.) If the petition alleges that defendant's trial counsel was ineffective for failing to call certain witnesses, the petition must be supported with affidavits showing the potential testimony of those witnesses and explain the significance of their testimony. (*People v. Barr* (1990), 200 Ill. App. 3d 1077, 558 N.E.2d 778.) An evidentiary hearing should be conducted when the petition makes a substantial showing that defendant's constitutional rights were violated which is based on factual allegations rather than conclusory statements. *Barr*, 200 Ill. App. 3d 1077, 558 N.E.2d 778.

■■ In this case, defendant argues that his petition adequately alleged his trial counsel was ineffective when he failed to call a witness, Sonny Jackson, who would have corroborated defendant's testimony. In his petition, defendant summarized his own trial testimony that he was purchasing marijuana from the victim, Booker T. Adams, rather than attempting to rob him. He also alleged:

> "The victim's nephew Bernard Adams testified that he was at the home of one Sonny Jackson prior to hearing someone call his uncle. *** That present in that house was in fact Sonny Jackson when Bernard Adams observed the victim and Defendant standing in the alley talking."

Defendant did not attach any affidavits to his petition.

Defendant contends the petition established that Jackson would have corroborated his testimony; however, there are no factual allegations to support that conclusion. The above-quoted statement only shows that Jackson was present in a house with the victim's nephew when the nephew saw defendant and the victim talking in an alley. It does not show that Jackson would have corroborated defendant's testimony. Further, defendant did not attach an affidavit stating what Jackson's testimony would have been and the significance of that testimony. As a result, defendant was not entitled to an evidentiary hearing on his post-conviction petition because it contained conclusions without supporting facts and it was not supported with an affidavit.

Affirmed.

GORDON and McNULTY, JJ., concur.