(No. 70469.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MILTON JOHNSON, Appellant.

*Opinion filed February 18, 1993.*

228

230

Michael J. Pelletier, Deputy Defender, and Karen Daniel, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

The defendant, Milton Johnson, appeals from an order of the circuit court of Will County dismissing his petition for post-conviction relief. The defendant's appeal lies directly to this court pursuant to Supreme Court Rule 651(a) (134 Ill. 2d R. 651(a)).

Following a jury trial, the defendant was convicted in the circuit court of Iroquois County of the murder of Anthony Hackett and the attempted murder, rape, deviate sexual assault and aggravated kidnapping of Patricia Gail Payne. The defendant waived his right to a jury at the death penalty hearing. The trial court determined that one or more of the aggravating factors set forth in section 9—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(b)) existed and that there were no mitigating factors sufficient to preclude a sentence of death (see Ill. Rev. Stat. 1983, ch. 38, par. 9—1(g)). The court then sentenced the defendant to death for murder and to concurrent prison terms of 40 years for rape, deviate sexual assault and attempted murder. This court affirmed the defendant's convictions and sen-

tences on direct appeal (*People v. Johnson* (1986), 114 Ill. 2d 170), and the United States Supreme Court denied *certiorari* (*Johnson v. Illinois* (1987), 480 U.S. 951, 94 L. Ed. 2d 802, 107 S. Ct. 1618).

The defendant then instituted the present action under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*), by filing a *pro se* petition for post-conviction relief in the circuit court of Will County. The petition alleged that the defendant was deprived of the effective assistance of counsel. The court appointed the Will County public defender to represent the defendant in the post-conviction proceedings. Subsequently, the assistant public defender who was working on the defendant's case resigned from the public defender's office and was appointed to represent the defendant. On December 14, 1989, defendant's counsel filed an amended post-conviction petition which realleged the allegations in the *pro se* petition and added two new allegations. The State moved to dismiss the post-conviction petition. Following arguments, the trial court granted the State's motion and dismissed the defendant's post-conviction petition without an evidentiary hearing. The defendant's appeal from this dismissal was transferred to this court for direct review, pursuant to Supreme Court Rule 651 (134 Ill. 2d R. 651).

The facts of this case are adequately set forth in this court's opinion on the defendant's direct appeal (*People v. Johnson* (1986), 114 Ill. 2d 170) and will be repeated here only where necessary. Two issues are raised in this appeal: (1) whether the defendant received the effective assistance of counsel on direct appeal; and (2) whether the defendant received adequate representation in the post-conviction proceedings.

I

We first consider the defendant's post-conviction

claim that he was deprived of the effective assistance of counsel on direct appeal. The Post-Conviction Hearing Act (the Act) provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred in their trials. (*People v. Eddmonds* (1991), 143 Ill. 2d 501, 510.) The purpose of the post-conviction proceeding is to permit inquiry into constitutional issues involved in the original conviction that have not been and could not have been adjudicated on direct appeal.

The defendant argues that the trial court should have granted him relief on his post-conviction claim that he was deprived of the effective assistance of counsel on direct appeal. The defendant initially claims, for the first time in this appeal, that his appellate counsel was ineffective in failing to challenge the trial court's exclusion of photographs of his brothers. He claims that these photographs were relevant because they "resemble more closely" the police artist sketch than did the defendant. We decline to address this claim, as it was not raised in either the *pro se* or the amended petition for post-conviction relief, and was therefore waived. (*People v. Flores* (1992), 153 Ill. 2d 264, 274.) The defendant next claims that his appellate counsel was constitutionally ineffective because he failed to raise as an issue, on direct appeal, the trial court's refusal to admit a police artist sketch of the offender into evidence at trial.

Challenges to the effectiveness of counsel on direct appeal are judged under the two-pronged standard enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. (See *People v. Albanese* (1984), 104 Ill. 2d 504.) Under this standard, the defendant must first establish that his counsel's performance on direct appeal was deficient, in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." (*Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) Second, the defendant must demonstrate that he suffered prejudice as a result of his counsel's deficient performance. (*Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.) To demonstrate prejudice, a defendant must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.) A defendant who contends that appellate counsel was ineffective for failing to raise a particular issue on direct appeal must show that "the failure to raise that issue was objectively unreasonable" and that "but for this failure, his sentence or conviction would have been reversed." (*People v. Caballero* (1989), 126 Ill. 2d 248, 270.) Both prongs of the *Strickland* test must be satisfied before counsel will be found to have rendered constitutionally ineffective assistance.

The trial court dismissed the defendant's post-conviction challenge to the competency of his appellate counsel. The court found that the defendant had not made a substantial showing that his appellate counsel was incompetent, within the meaning of *Strickland*, for failing to challenge on direct appeal the trial court's refusal to admit the police artist sketch into evidence. At trial, the defendant sought to introduce the police artist sketch into evidence for the purpose of impeaching the identification testimony of Patricia Gail Payne, the surviving victim of the defendant's attack. The defendant claimed that the sketch was prepared at Payne's direction and bore no resemblance to the defendant. The trial court refused to admit the sketch, finding that the defendant failed to lay a proper foundation for its admission. In so holding the trial court relied upon this court's decision in *People v. Yates* (1983), 98 Ill. 2d 502.

*Yates* discussed the evidence necessary to establish a proper foundation for admission of a composite sketch into evidence for the purpose of impeaching a witness' in-court identification of a defendant. The court there held that a proper foundation is laid where there is evidence that the witness previously adopted the sketch as an accurate portrayal of the suspect. Where the witness denies, in court, that the composite sketch accurately portrayed the suspect, a proper foundation for admission of the sketch may be established only through "unequivocal testimony from the police artist that the drawing not only was a representation prepared at the direction of the witness, but that the witness, after having had an opportunity to view the completed sketch, adopted it as an accurate portrayal of the suspect. [Citation.]" *Yates*, 98 Ill. 2d at 528.

At the defendant's trial, the victim denied that the composite sketch accurately portrayed the offender. The police artist testified that, when he showed the completed composite sketch to the victim, she told him that the sketch was "a likeness of the suspect" except that the face in the sketch should have been heavier. The trial court, considering this testimony, concluded that the police artist's testimony was not sufficient to establish a foundation for the admission of the sketch. The court concluded that the police artist had not unequivocally testified that the victim had adopted the composite sketch as accurate, and therefore refused to admit the sketch into evidence.

We do not consider here whether the trial court's evaluation of the evidence was correct. Rather, the question for our review is whether, under the circumstances of this case, appellate counsel's decision not to challenge the trial court's ruling on direct appeal was patently erroneous. We conclude that it was not.

Our court has recognized that it is not incompetence for appellate counsel to refrain from raising issues which, in his judgment, are without merit, unless his appraisal of the merits is patently wrong. (*People v. Barnard* (1984), 104 Ill. 2d 218.) Here, defendant's appellate counsel undoubtedly considered the fact that the trial court's ruling on the admissibility of the sketch would not be reversed on direct appeal unless the trial court was found to have abused its discretion and the resulting error could not be deemed harmless. Appellate counsel's conclusion that these hurdles could not be overcome was not erroneous. The trial court had the opportunity to hear the police artist's testimony and was obviously in the best position to consider whether that testimony satisfied the standard set forth in *Yates*. The trial court based its decision excluding the sketch upon the express language which this court used in *Yates*. In such circumstances, it is highly unlikely that this court would have found that the trial court abused its discretion in excluding the sketch. *Yates*, 98 Ill. 2d at 526-29; see *People v. Barnard* (1984), 104 Ill. 2d 218, 231.

In any event, any resulting error would have been deemed harmless beyond a reasonable doubt. Defense counsel used the sketch to cross-examine the victim and repeatedly advised the jury of the asserted discrepancies between the sketch and the defendant. Admission of the sketch would have added little probative value to this attempted impeachment. In this regard, we note that the sketch, in fact, bears a close resemblance to a photograph of the defendant which is included in the record in this appeal. The only real discrepancy between the sketch and the photograph is that the sketch portrays a man with no facial hair, while the photograph of the defendant, which was taken some time after the crime, depicts the defendant with facial hair. Admission of the sketch would not have seriously undermined the jury's

assessment of the victim's identification of the offender. (See *Yates*, 98 Ill. 2d at 529.) Under the circumstances, appellate counsel's decision that the issue had no merit and would not affect the outcome on direct appeal was not patently erroneous. See *People v. Winsett* (1992), 153 Ill. 2d 335, 347-48.

Thus, the defendant failed to make a substantial showing that his appellate counsel was incompetent within the meaning of *Strickland*. Accordingly, the defendant's post-conviction claim that he was deprived of the effective assistance of counsel on direct appeal was properly dismissed without an evidentiary hearing.

## II

The defendant next claims that the trial court's dismissal of his post-conviction petition should be reversed on an entirely unrelated ground. The defendant claims that the trial court's decision must be reversed and the cause remanded for further proceedings because he was not given adequate representation during the post-conviction proceedings. It is well established that a defendant has no constitutional right to the assistance of counsel in post-conviction proceedings. (*People v. Flores* (1992), 153 Ill. 2d 264, 276; see *Pennsylvania v. Finley* (1987), 481 U.S. 551, 555, 95 L. Ed. 2d 539, 546, 107 S. Ct. 1990, 1993.) Our legislature, however, has provided by statute for the appointment of counsel to indigent capital defendants who file *pro se* post-conviction petitions. (Ill. Rev. Stat. 1987, ch. 38, par. 122—4; see also Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(1).) The legislature anticipated that most of the petitions under the Act would be filed *pro se* by prisoners who did not have the aid of counsel in their preparation. To ensure that the complaints of a prisoner might be adequately presented, the statute contemplates that the attorney appointed to represent an indigent petitioner will ascertain

the basis of the petitioner's complaints, shape those complaints into appropriate legal form and present the prisoner's constitutional contentions to the court. *People v. Owens* (1990), 139 Ill. 2d 351, 359; *People v. Slaughter* (1968), 39 Ill. 2d 278, 285.

To that end, Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)), which governs appeals from post-conviction proceedings, requires that the record on appeal disclose that appointed post-conviction counsel took the steps necessary to assure adequate representation of the petitioner's claims in the trial court. Specifically, Rule 651(c) requires that the record disclose that post-conviction trial counsel: (1) consulted with the petitioner to ascertain his contentions of constitutional deprivation; (2) examined the record of the proceeding of the original trial; and (3) made any amendments to the *pro se* petition necessary to adequately present the petitioner's constitutional contentions. (134 Ill. 2d R. 651(c).) Rule 651(c) requires post-conviction counsel to file an affidavit certifying that he or she has complied with these requirements. Although this court has held that compliance with the duties set out in Rule 651(c) is mandatory, the absence of counsel's affidavit will be excused where the record demonstrates that counsel adequately fulfilled his duties as post-conviction counsel. *People v. Szabo* (1991), 144 Ill. 2d 525.

In the present case, post-conviction counsel did not file an affidavit showing that he discharged his duties as required by Rule 651(c). The record establishes, however, that petitioner's counsel consulted with the petitioner on several occasions to ascertain his grievances. The record also establishes that petitioner's counsel reviewed the voluminous record of the proceedings in the trial court.

The petitioner concedes that the first two requirements of Rule 651(c) were satisfied in this case. He argues, however, that his post-conviction counsel did not

adequately represent him because he did not amend the *pro se* petition in the manner necessary to adequately present the petitioner's claims. The petitioner argues that his post-conviction counsel failed to interview any of the witnesses named in the post-conviction petition, marshalled no evidence in support of the petitioner's contentions, attached no affidavits or other records to the amended petition, and failed to explain the absence of supporting documentation. Thus, he claims that his post-conviction counsel did nothing to shape his claims of constitutional deprivation into appropriate legal form as required by Rule 651(c).

In the present case, the petitioner filed a seven-count *pro se* petition for post-conviction relief in November 1987. The *pro se* petition was not accompanied by affidavits or other supporting documents. However, the petition specifically identified witnesses and documents which would support the allegations raised in the petition. Two years after the *pro se* petition was filed, petitioner's counsel filed an amended petition for post-conviction relief. The amended petition realleged, *verbatim*, every allegation in the *pro se* petition and added two additional claims. The amended petition, however, was not accompanied by any affidavits or supporting documents.

We note that, under the Post-Conviction Hearing Act, the defendant bears the burden of establishing that a substantial deprivation of his rights under the United States Constitution or the Constitution of Illinois occurred at his original trial. (*People v. Silagy* (1987), 116 Ill. 2d 357, 365.) An evidentiary hearing will be held only where the allegations of the post-conviction petition make a substantial showing that the defendant's constitutional rights have been violated (*People v. Caballero* (1989), 126 Ill. 2d 248, 259; *People v. Gaines* (1984), 105 Ill. 2d 79, 91-92), and the petition is supported by "affidavits, records, or other evidence" or explains "why the

same are not attached" (Ill. Rev. Stat. 1987, ch. 38, par. 122—2). The affidavits which accompany a post-conviction petition must identify with reasonable certainty the sources, character and availability of alleged evidence supporting petitioner's allegations. *People v. LeCompte* (1976), 38 Ill. App. 3d 513; see also *People v. Jones* (1991), 210 Ill. App. 3d 375.

A post-conviction petition which is not supported by affidavits or other supporting documents is generally dismissed without an evidentiary hearing unless the petitioner's allegations stand uncontradicted and are clearly supported by the record. (*People v. McGinnis* (1977), 51 Ill. App. 3d 273.) In fact, our courts have specifically held that the absence of affidavits, records or other evidence in support of the post-conviction petition renders the petition insufficient to require an evidentiary hearing. *People v. Powell* (1970), 46 Ill. 2d 416; *People v. Jones* (1991), 210 Ill. App. 3d 375 (petitioner not entitled to evidentiary hearing on post-conviction claim of ineffective assistance, where he did not attach to his petition affidavit of witness who purportedly would have corroborated his testimony had trial counsel called him); *People v. Lawrence* (1991), 211 Ill. App. 3d 135 (trial court properly dismissed the defendant's post-conviction petition due to failure to support claims with affidavits); *People v. Barr* (1990), 200 Ill. App. 3d 1077 (post-conviction petition, which alleged that trial counsel was ineffective in failing to contact an alibi witnesses, was insufficient to warrant an evidentiary hearing though defendant attached his own affidavit to petition, alleging that he was in the company of alibi witnesses at the time the crime occurred; affidavits of the witnesses themselves were not provided).

The State concedes that a post-conviction petitioner who attacks the competency of his trial counsel for failing to call or contact certain witnesses must attach the

affidavits of such witnesses to his post-conviction petition and explain the significance of their testimony. (*People v. Carmickle* (1981), 97 Ill. App. 3d 917.) The State also concedes that this procedure was not followed in this case. The State nevertheless argues that the defendant received the reasonable level of assistance which is required in post-conviction proceedings. Under the circumstances of this case, however, we cannot agree.

In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so. Here, however, this presumption is flatly contradicted by the record. Post-conviction counsel filed an affidavit as a supplemental record in this appeal, which unequivocally establishes that counsel made no effort to investigate the claims raised in the defendant's post-conviction petition or to obtain affidavits from any of the witnesses specifically identified in the defendant's *pro se* petition. To adequately establish the manner in which post-conviction counsel deviated from his duties, it is necessary to discuss in some detail post-conviction counsel's actions as to each claim raised in the post-conviction petition.

As stated, the amended post-conviction petition raised six claims of ineffective assistance of trial counsel. Two of these alleged errors were apparent in the record and were supported in the post-conviction petition with citations to the record. The defendant apparently concedes that these two claims were properly dismissed without an evidentiary hearing under the waiver doctrine, because they could have been raised on direct appeal, but were not. The defendant challenges counsel's performance with respect to the remaining claims in the petition. We must therefore consider whether post-conviction

counsel adequately represented the defendant with respect to these claims.

The post-conviction petition alleged that the defendant's trial attorneys were ineffective because they failed to call three parole officers at the hearing on the defendant's pretrial motion to suppress. According to the post-conviction petition, the defendant testified at the suppression hearing that he was effectively arrested at approximately 1 p.m. on March 9, 1984, on the basis of suspicion rather than probable cause. He testified that he was confronted by several police officers when he first arrived at the parole office and was not permitted to leave the office after 1 p.m. Police witnesses testified that the defendant was not arrested until approximately 6 p.m. on that date, after probable cause had been established. The post-conviction petition claimed defendant's trial attorneys were ineffective because they failed to call three parole officers, who were identified by name. The petition claimed that these parole officers would have substantiated the defendant's claim that he was effectively arrested at 1 p.m. This contention was realleged in the amended post-conviction petition, but was not supported by affidavits from the named parole officers. During arguments on the State's motion to dismiss, post-conviction counsel openly admitted his failure to investigate this claim. Counsel stated:

> "The third argument I would make is *** the failure to call witnesses [to] substantiate the illegal arrest. I want to say a couple [of] things about this. [The prosecutor] has brought out the fact that no affidavit was filed, particularly in regard to this. And I would be irresponsible in my duties if I didn't tell the court that after the motion to dismiss was filed, I went to Pontiac to meet with Milton Johnson and go over this with him. And one of the things that Milton asked me to do was to obtain affidavits from Mr. Mitchell, Mr. Eskridge, and Mr. O'Malley—Mr. Hemingway—excuse me. Who were all parole officers

that were present on the date of the arrest. And as much as I don't like to admit this to the court, based upon my schedule, I was not able to obtain those affidavits. This is all within the last two weeks. So to say that my client is upset about the failure to obtain those affidavits would be an understatement."

Post-conviction counsel's affidavit, which was filed in this court, likewise states that he made no attempt to contact two of the parole officers named in the post-conviction petition, and that he was unable to reach the third parole officer. Counsel failed to take any action to obtain the affidavits of potential witnesses whose identities were known to him for more than two years during which the post-conviction petition was pending.

We conclude that post-conviction counsel's statements during arguments on the State's motion to dismiss, together with his concessions in the affidavit submitted to this court, clearly demonstrate that Supreme Court Rule 651(c) was not complied with here. As stated, that rule requires the record on appeal to show that counsel made any amendments to the *pro se* petition which were "necessary for an adequate presentation of petitioner's contentions." (134 Ill. 2d R. 651(c).) Here, counsel simply copied an allegation raised in the *pro se* petition. He concedes that he made no effort to contact the witnesses specifically identified in the *pro se* petition, or to amend the petition with affidavits of such witnesses. In such circumstances, we must conclude that counsel failed to adequately comply with Supreme Court Rule 651(c).

We reach the same conclusion regarding counsel's performance on three other claims raised in the post-conviction petition. The *pro se* petition alleged that the defendant's trial attorneys were ineffective because they failed to present available expert testimony at the defendant's trial. According to the petition, the State presented expert testimony at trial that bullets recov-

ered from the murder victim's body were indistinguishable from bullets found in the defendant's home, and probably came from the same box. The expert's conclusions were based on neutron activation comparisons. The defendant's *pro se* petition alleged that his trial attorneys were ineffective because they failed to present available expert testimony that the neutron activation tests performed by the State's expert were unreliable. Specifically, the petition alleged that his attorneys were aware that Dr. Vincent Guinn, a member of the chemistry department at the University of California at Irvine, would have testified that the State's tests were unreliable. Defendant's post-conviction counsel included this identical claim in the amended petition, but failed to include any evidentiary support for the claim. In an affidavit filed with this court, counsel admitted that he made no attempt to contact or obtain an affidavit from Dr. Guinn during the two-year period when the post-conviction proceeding was pending.

The post-conviction petition also alleged that defendant's trial attorneys were ineffective because they did not have sufficient time to prepare for trial. Post-conviction counsel failed to support this claim with evidence in the record that the defendant's trial counsel repeatedly informed the trial court that they did not have adequate time to prepare for trial. Post-conviction counsel also failed to contact the defendant's trial attorneys to obtain affidavits in support of this claim.

The petitioner's post-conviction petition also alleged that his trial attorneys were ineffective at the capital sentencing hearing because they failed to rebut the State's evidence regarding his prison disciplinary record. He argues that his attorneys improperly stipulated to the fact that he had 24 citations for misconduct in prison. He claimed that his counsel should have informed the jury that these citations were for trivial rule viola-

tions. Post-conviction counsel admitted in his affidavit that he had never reviewed the defendant's disciplinary records to determine whether the infractions were truly trivial.

Post-conviction counsel had an obligation to present the defendant's post-conviction claims to the court in appropriate legal form. At a minimum, counsel had an obligation to attempt to obtain evidentiary support for claims raised in the post-conviction petition. Because the allegations in the defendant's petition were not supported by affidavits, records or other evidence, the trial court had no choice but to dismiss the post-conviction petition without an evidentiary hearing.

The State argues that, even if we find that post-conviction counsel failed to provide the defendant with the reasonable level of assistance required by statute, we should nevertheless affirm the trial court's dismissal of the post-conviction petition. The State argues that the trial court could have properly dismissed the petition for reasons other than the lack of supporting affidavits. For example, the State claims that the trial court may have reasonably concluded that the defendant's ineffective-assistance claims would not rise to the level of a constitutional deprivation under *Strickland*, even if those claims had been supported by affidavits. The State also suggests that the trial court could have determined that some of the claims were barred under the doctrine of *res judicata*.

While it is true that the trial court *might* have found grounds, other than the absence of supporting affidavits, to dismiss the defendant's claims, it is not apparent from the record that the trial court *did* dismiss the claims on such grounds. (*Cf. People v. Spreitzer* (1991), 143 Ill. 2d 210 (where the record showed that the trial court dismissed the post-conviction claims under the doctrines of waiver and *res judicata*, and not due to the failure to

provide evidentiary support for those claims).) The trial court here concluded that the allegations in the petition relating to counsel's performance at trial did not warrant an evidentiary hearing. It is entirely possible that the trial court would have reached this same conclusion even if counsel had contacted the witnesses named in the petition and attached affidavits in support of the post-conviction claims. We cannot simply presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). It is the duty of the trial court, and not this court, to determine on the basis of a complete record whether the post-conviction claims require an evidentiary hearing. Therefore, we are unpersuaded by the State's argument that the trial court's decision should be affirmed even if post-conviction counsel failed to adequately represent the defendant.

The defendant also claims that his attorneys were ineffective because they failed to present available mitigation witnesses at the capital sentencing hearing. The defendant claimed that his attorneys should have called numerous prison employees to testify that petitioner had adjusted well to prison. Defendant's *pro se* petition specifically named seven prison employees who, he claimed, would have testified to his excellent adjustment to prison. The defendant also claimed that his attorneys should have offered other character witnesses, "including petitioner's previous neighbors, co-workers, friends, and personnel of the Department of Corrections."

Post-conviction counsel realleged these same errors in the amended post-conviction petition, but failed to supplement the petition with any evidentiary support. In the affidavit filed in this court, counsel admitted that he did not attempt to contact or obtain affidavits from any of the prison employees named in the *pro se* petition. He

also admitted that he did not conduct an investigation to locate other potential character witnesses who might have testified at the capital sentencing hearing. Defendant claims that his counsel therefore did not adequately comply with the requirements of Rule 651(c).

In addressing this claim, we must draw a distinction between two arguments the defendant makes regarding the duties of his post-conviction counsel. On the one hand, the petitioner claims that his post-conviction counsel had an obligation to attempt to contact witnesses specifically identified by name in the post-conviction petition as offering support for constitutional claims made in the petition. As stated, we agree that post-conviction counsel has an obligation under Rule 651(c) to attempt to obtain affidavits from such witnesses for the purpose of shaping the allegations in the post-conviction petition into appropriate legal form. Here, post-conviction counsel should have attempted to contact the seven prison employees identified by name in the *pro se* petition.

The defendant also contends, however, that post-conviction counsel had an obligation to locate witnesses not specifically identified by the petitioner and to conduct an investigation to discover the identity of witnesses who might offer evidentiary support for a general claim raised in a post-conviction petition. For example, the defendant claims that his post-conviction counsel had an obligation to conduct an investigation of his background in an attempt to discover witnesses who might have offered mitigating evidence at the capital sentencing hearing. We reject this claim. While post-conviction counsel has an obligation to present a *petitioner's claims* in appropriate legal form, he is under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition. The petitioner has the obligation to inform counsel with specificity of the identity of witnesses who should have been

called in his defense. The petitioner also has an obligation to inform counsel generally of the information which such witnesses might have offered at trial or the sentencing hearing. Upon receipt of such information, counsel has an obligation to attempt to contact those witnesses who might provide information needed to support a potentially meritorious claim raised in the post-conviction petition. Counsel has no obligation, however, to engage in a generalized fishing expedition in search of support for claims raised in a petition.

Accordingly, we reject the defendant's claim that his post-conviction counsel did not adequately represent him because he did not conduct an investigation to find additional mitigation witnesses, including previous neighbors, co-workers and friends, who could have testified at his sentencing hearing. Post-conviction counsel had no obligation to discover witnesses or evidence that could have been offered in mitigation at the capital sentencing hearing. Because there is no evidence that the defendant informed post-conviction counsel of the identity of witnesses who should have been called or the nature of the testimony they might have offered, counsel had no obligation to seek out such witnesses.

In sum, we conclude that the record fails to show that post-conviction counsel amended the defendant's post-conviction petition in the manner necessary to adequately present the defendant's claims, as required by Rule 651(c). The affidavit which counsel submitted to this court establishes that counsel made no effort to contact witnesses specifically identified by name in the *pro se* post-conviction petition. Counsel also made no attempt to obtain affidavits in support of the post-conviction claims. The record suggests that counsel may have been under the misapprehension that the post-conviction petition would not be dismissed without an evidentiary hearing. Counsel may have believed that there was no need

to contact witnesses named in the post-conviction petition until after the matter was set for an evidentiary hearing. Our cases have established, however, that a post-conviction petition may be dismissed without an evidentiary hearing where the petition raises claims outside the record which are not supported by affidavits or other documents. *People v. Powell* (1970), 46 Ill. 2d 416; *People v. Jones* (1991), 210 Ill. App. 3d 375; *People v. Barr* (1990), 200 Ill. App. 3d 1077.

We conclude that this cause should be remanded to the circuit court so that post-conviction counsel may comply, insofar as compliance is possible, with Rule 651(c). On remand, counsel should be given the opportunity to contact witnesses named in the post-conviction petition and to supplement the amended post-conviction petition with the affidavits (if any) of those witnesses who offer support for the claims the defendant raised in the petition. The trial court may then reconsider the State's motion to dismiss the petition on the basis of a record which is properly developed. We emphasize, however, that we express no opinion on the question of whether an evidentiary hearing is necessary, or even appropriate, in this case. We simply hold that, once counsel represents the defendant in the manner contemplated by the post-conviction statute and Rule 651(c), the trial judge, and later this court, will have available a complete record for evaluating the ineffective-assistance claims raised in the defendant's post-conviction petition under *Strickland*. Because counsel has already read the record, consulted with the petitioner and amended the post-conviction petition, there is no reason why complete compliance with Rule 651(c) and the hearing on the State's motion to dismiss cannot be accomplished on an expedited basis.

## III

In sum, the dismissal of the defendant's post-conviction petition is affirmed in part and reversed in part. The trial court's dismissal of the post-conviction claim challenging the performance of counsel on direct appeal is affirmed. The trial court's dismissal of the post-conviction claims relating to the performance of defendant's trial counsel, however, is reversed. The cause is remanded to the circuit court for further proceedings in accordance with the views expressed in this opinion.

*Circuit court affirmed in part and reversed in part; cause remanded with directions.*