2020 IL App (1st) 163286-U

No. 1-16-3286

Order filed March 16, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 19003 |
| | ) | |
| LUIS PENA, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's summary dismissal of defendant's postconviction petition over his contention that his postconviction counsel provided unreasonable assistance.

¶ 2    Following a 2012 jury trial, defendant Luis Pena was convicted of first degree murder (720 ILCS 5/9-1(a) (West 2008)), and sentenced to 60 years' imprisonment. On direct appeal, we affirmed defendant's conviction and sentence. *People v. Pena*, 2014 IL App (1st) 121444-U.

¶ 3 In August 2016, defendant, through private counsel, filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), which the circuit court summarily dismissed as frivolous and patently without merit. Defendant appeals, arguing the court erred in summarily dismissing his petition because he did not receive a reasonable level of assistance from his postconviction counsel. We affirm.

¶ 4 We summarized the evidence presented at defendant's jury trial at length in our order disposing of defendant's direct appeal. Because most of that evidence is not relevant to his current contentions, we set forth only those facts necessary to provide context for defendant's contentions in this appeal.

¶ 5 The State charged defendant and three codefendants, Raymond Jones, Antoine Lacy, and Joseph Chico, by indictment with, *inter alia*, first degree murder in relation to the September 1, 2008, shooting death of 10-year-old Nequiel Fowler.[1] Before trial, Chico pled guilty to conspiracy to commit murder in exchange for a 14-year prison sentence and an agreement to testify against defendant, Jones, and Lacy. Defendant, Jones, and Lacy were tried simultaneously before three separate juries.

¶ 6 The jury found defendant guilty of first degree murder but determined the State had failed to prove he personally discharged the firearm. The circuit court sentenced defendant to 60 years' imprisonment.

¶ 7 On direct appeal, defendant contended (1) he was denied his constitutional right to confront witnesses; (2) the State's rebuttal argument denied him a fair trial; (3) the trial court erred in providing the jury an accountability instruction; (4) the State failed to prove his guilt beyond a

---

[1] Fowler's first name is also spelled "Niquiel," "Nicole," and "Nequell" in the record.

reasonable doubt; and (5) the cumulative effect of the claimed errors denied him a fair trial. We rejected each of these contentions and affirmed his conviction and sentence. In doing so, we found that the evidence overwhelmingly established defendant's guilt.

¶ 8     In August 2016, defendant, through private counsel, filed a petition under the Act, which raised a claim that he was deprived of his right to the effective assistance of trial counsel based on trial counsel's failure to advise defendant to seek a plea deal or engage in plea negotiations. In his petition, defendant alleged his trial counsel never advised him to plead guilty, or even explore a guilty plea, to avoid "what became essentially a life sentence," even though, as we found on direct appeal, "the evidence overwhelmingly established defendant's guilt." He alleged he would have sought a plea agreement for a reduced charge or a lesser sentence through both negotiations with the State and a Rule 402 conference, had he been properly advised by counsel. He alleged his private trial counsel had a substantial financial motive to take the case to trial given his mother had posted $100,000 in actual bond money, $90,000 of which was available for attorney fees. Further, there was nothing in the record which indicated his trial counsel advised him of the sentence he might receive if he went to trial or what sentence he could seek or obtain as an offer for his guilty plea. Therefore, defendant asserted, "the record is not one from which it can be concluded the only evidence defendant would accept a plea offer is 'self-serving' testimony." He contended his attorney's "failure to negotiate at all, or successfully negotiate a plea, or to strenuously advise [defendant] to seek a plea or advise [defendant] to do so at all rendered his representation deficient[,] costing [defendant] many years or even decades in the penitentiary."

¶ 9     Attached to defendant's petition was his own affidavit, which stated he had reviewed the petition and its factual averments were true to the best of his knowledge and belief. In addition,

defendant's postconviction counsel attached to the petition a certificate under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013), which stated, in pertinent part, as follows:

"I have consulted with Juan Avalos [*sic*] principally via correspondence and telephone calls relayed by his family members, and ultimately in a face-to-face meeting with the Petitioner, Luis Pena[,] at the Menard Correctional Center. This counsel has reviewed the transcript of the proceedings, including pre-trail [*sic*] proceedings, and the computerized court record, as well as ordered, but not yet received or reviewed, the common-law record. In the course of these consultations, counsel has ascertained Petitioner's claims of error with respect to the conviction, discussed sentencing issues, and has amended the [p]etition to adequately present Petitioner's claims of error."

¶ 10    In October 2016, the circuit court entered a written order summarily dismissing defendant's petition as frivolous and patently without merit. In doing so, the court noted defendant failed to attach any evidence, affidavits, or records that were necessary to support his claim. The court found defendant's claim failed because he did not (1) allege the State made a plea offer that defendant's trial counsel failed to convey; (2) demonstrate a reasonable probability he would have accepted a plea but for counsel's ineffectiveness because he failed to support his allegation with more than his subjective, self-serving statements; and (3) demonstrate there was a reasonable probability that the plea would have been entered without the State canceling it, the trial court would have accepted the plea, and the plea would have resulted in a more favorable sentence to him.

¶ 11    On appeal, defendant contends the court erred in summarily dismissing his petition because he did not receive a reasonable level of assistance from his postconviction counsel.

¶ 12 The Act sets forth a procedure under which a criminal defendant may assert his or her conviction was the result of a substantial denial of his or her rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act contemplates a three-stage proceeding, which is initiated by the filing of a petition. *People v. Johnson*, 2018 IL 122227, ¶ 14; 725 ILCS 5/122-1(b) (West 2016). The petition must "clearly set forth the respects in which [the defendant's] constitutional rights were violated." 725 ILCS 5/122-2 (West 2016). The defendant must attach affidavits, records, or other evidence to support his or her allegations or shall state why same is not attached, but the petition need not contain argument or citation and discussion of pertinent authority. *Id.*

¶ 13 During the first stage, the circuit court must independently evaluate the petition and determine whether it meets the low standard of pleading sufficient facts to state an arguably constitutional claim. *Hodges*, 234 Ill. 2d at 9-10. The court may dismiss the petition only if it is frivolous and patently without merit. *Id.* at 10. A petition is frivolous and patently without merit when it is based on an indisputably meritless legal theory or a fanciful factual allegation. *Id.* at 16. "[A]n indisputably meritless legal theory is one which is completely contradicted by the record," and "[f]anciful factual allegations include those which are fantastic or delusional." *Id.* at 16-17.

¶ 14 If the court does not dismiss the petition within 90 days, the matter is advanced to the second stage at which the court may appoint counsel to represent defendant, and the State may either move to dismiss or answer the petition. *Johnson*, 2018 IL 122227, ¶¶ 14-15. At the second stage, the court must determine whether the petition and accompanying documentation sets forth a substantial showing of a constitutional violation. *Id.* ¶ 15. If the petition is not dismissed at the

second stage, it advances to the third stage for an evidentiary hearing on the defendant's claims. *Id.*

¶ 15     Here, defendant does not contest the circuit court's determination that his petition was frivolous and patently without merit. Rather, defendant's sole contention is that he did not receive reasonable assistance from his privately retained postconviction counsel. By focusing exclusively on this issue, defendant has forfeited for review the claim actually raised in the petition. *People v. Cotto*, 2016 IL 119006, ¶ 49.

¶ 16     In this court, defendant argues that his postconviction counsel provided unreasonable assistance because the petition, as drafted, was frivolous and patently without merit where it failed to include the necessary evidentiary support and did not set forth his claim in the appropriate legal form. He asserts this court should remand for second-stage proceedings under the Act, including the appointment of counsel, so defendant can have "a meaningful and adequate opportunity to present his claims of constitutional deprivation." In the alternative, defendant suggests this court should remand the case for "additional" first-stage proceedings at which "he can file a new initial petition without having to meet the more stringent cause-and-prejudice standards applicable to successive post[]conviction petitions."

¶ 17     A defendant has no right to counsel at the first stage of proceedings under the Act. *People v. Ligon*, 239 Ill. 2d 94, 118 (2010). However, a defendant may retain counsel at the first stage of proceedings, and retained counsel must provide a reasonable level of assistance. *Johnson*, 2018 IL 122227, ¶ 23.

¶ 18     We apply a *Strickland*-like analysis to claims of unreasonable assistance made on appeal from a first-stage dismissal. *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 59; see *Strickland v.*

*Washington*, 466 U.S. 668 (1984). We evaluate whether the defendant has demonstrated prejudice using the familiar standard set forth in *Strickland*, that is, whether there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Zareski*, 2017 IL App (1st) 150836, ¶ 61; see *People v. Jackson*, 205 Ill. 2d 247, 259 (2001) ("To establish the prejudice prong [under *Strickland*], defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Proof of prejudice cannot rest on mere conjecture or speculation. *People v. Bew*, 228 Ill. 2d 122, 135 (2008).

¶ 19     In this case, the circuit court properly dismissed defendant's petition, as it was frivolous and patently without merit. The sole claim in defendant's petition was that he was deprived of his constitutional right to the effective assistance of counsel where his counsel failed to advise defendant to seek a plea bargain or attempt to extract an offer from the State despite the overwhelming evidence of defendant's guilt. But "a defendant has no constitutional right to be offered the opportunity to plea bargain." *People v. Palmer*, 162 Ill. 2d 465, 476-77 (1994). Thus, defendant could not claim prejudice from his trial counsel's failure to extract an offer from the State. *People v. Hatchett*, 2015 IL App (1st) 130127, ¶ 37.

¶ 20     As noted above, defendant does not dispute the propriety of the circuit court's order dismissing his claim. Rather, he argues his postconviction counsel provided unreasonable assistance by raising the claim and doing so without providing any evidentiary support, through affidavits, documents, or otherwise. However, we conclude defendant has failed to establish prejudice as a result of his counsel's performance. To find otherwise would require us to speculate

that postconviction counsel could have crafted the claim raised to withstand first-stage scrutiny or raised other meritorious issues.

¶ 21     Defendant notes that to assert a meritorious claim of ineffective assistance of counsel in relation to plea negotiations, defendant would have had to allege additional facts beyond those which were asserted in his petition, such as the fact a plea offer was made by the State but not conveyed to defendant. In addition, defendant, citing *People v. Williams*, 2016 IL App (4th) 140502, ¶ 29, notes he would have had to demonstrate (1) a reasonable probability existed that he would have accepted the guilty-plea offer absent counsel's deficient performance, and (2) the guilty-plea offer would have been entered without the prosecution rescinding the offer or the court refusing to accept the parties' agreement. Defendant faults his postconviction counsel for failing to draft his claim in this form.

¶ 22     However, defendant's argument that his postconviction counsel should have alleged additional facts and provided additional evidentiary support assumes that those facts existed and counsel could have obtained the required evidentiary support. In other words, it would require us to speculate that a meritorious claim could have been made. We cannot engage in such speculation where it is defendant's burden to establish prejudice. *Zareski*, 2017 IL App (1st) 150836, ¶ 59; *Bew*, 228 Ill. 2d at 135.

¶ 23     Moreover, to accept that proposition would require us to ignore the presumption that his counsel "made a concerted effort to obtain affidavits in support of the post[]conviction claims, but was unable to do so," unless the presumption is "flatly contradicted by the record." *People v. Johnson*, 154 Ill. 2d 227, 241 (1993). In *Johnson*, the defendant's postconviction counsel supplemented the record with an affidavit that unequivocally established counsel made no effort

to investigate the claims raised in defendant's *pro se* petition or to obtain affidavits from any of the witnesses specifically identified therein. *Id.* In this case, the record does not flatly contradict the presumption. Defendant's argument to the contrary—that his counsel attended only the initial hearing on the petition and "filed a petition lacking an arguable basis in law"—is not persuasive.

¶ 24    Though not couched in terms of prejudice, defendant also argues that, by reason of his postconviction counsel's filing a fatally deficient petition that raised only one claim, he must now meet a "much more exacting standard," *i.e.*, the cause-and-prejudice test, to assert any constitutional claims that were not included in the petition at issue. See *People v. Evans*, 2013 IL 113471, ¶ 10; 725 ILCS 5/122-1(f) (West 2016) (leave of court to file successive postconviction petition may not be granted unless defendant demonstrates cause and prejudice).

¶ 25    Defendant's contention he is prejudiced by the fact he must now obtain leave of court to assert constitutional claims that were not included in the petition at issue is not persuasive. Defendant's argument rests on the speculative premise that other meritorious constitutional issues could have been but were not raised. The speculative nature of defendant's contention is further demonstrated by the fact he does not even suggest what specific claims could have been but were not raised by counsel. It is entirely possible defendant's conviction and sentence were rendered without a violation of his constitutional rights.

¶ 26    Additionally, defendant's postconviction counsel filed a certificate pursuant to Rule 651(c). Rule 651(c), by its own terms, does not apply where, as here, the initial postconviction petition was prepared and filed by counsel. *People v. Richmond*, 188 Ill. 2d 376, 382-83 (1999); *Cotto*, 2016 IL 119006, ¶ 41; see *Zareski*, 2017 IL App (1st) 150836, ¶¶ 51, 58 (explaining the language of Rule 651 and its history indicate it does not apply to counsel retained at the first stage).

However, these cases were decided before *People v. Johnson*, 2018 IL 122227, and the court in *Johnson* did not consider whether Rule 651(c) was applicable at the first stage of proceedings under the Act.

¶ 27   In any event, we find postconviction counsel's Rule 651(c) certificate provides additional support for our conclusion that defendant cannot establish he was prejudiced. The certificate established counsel met and consulted with defendant, reviewed the report of proceedings at trial and the computerized court record, and ascertained defendant's claims of error with respect to his conviction and sentence.[2] Defendant points to nothing in the record which rebuts the statements in counsel's certificate or indicates he wished to have additional claims raised in his petition but counsel failed or refused to raise them. As such, any claim of prejudice is speculative, which is not sufficient to meet the prejudice prong of our *Strickland*-like analysis. *Zareski*, 2017 IL App (1st) 150836, ¶ 59; *Bew*, 228 Ill. 2d at 135.

¶ 28   We are mindful that counsel's certificate contains a misnomer in its first sentence, erroneously referring to Juan Avalos as the person with whom counsel consulted "principally via correspondence and telephone calls relayed by his family members." However, we are not persuaded the misnomer rebuts the presumption that counsel, in fact, consulted with defendant by correspondence, telephone, and in a face-to-face meeting, and ascertained his claims of error. Indeed, the certificate identifies defendant by the correct name in that same sentence.

¶ 29   In sum, we conclude defendant has failed to establish he was prejudiced as a result of his postconviction counsel's performance. To find otherwise would require this court to speculate that

---

[2] Counsel's certificate states he ordered the common-law record but had not yet received it as of the time the petition was filed.

(1) facts existed which would have permitted postconviction counsel to craft the claim raised in his petition into one which withstood first-stage scrutiny under the Act; or (2) other meritorious claims could have been raised. Accordingly, we affirm the circuit court's judgment.

¶ 30    For the reasons stated, we affirm the circuit court's judgment.

¶ 31    Affirmed.