**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200401-U

Order filed March 27, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0401 Circuit No. 12-CF-462 |
| | ) | |
| HOWARD K. ELLIS, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: Postconviction counsel provided reasonable assistance and complied with Rule 651(c).

¶ 2    Defendant, Howard K. Ellis, appeals the Peoria County circuit court's order dismissing his postconviction petition at the second stage. Defendant argues that postconviction counsel provided unreasonable assistance and failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) by failing to attach necessary supporting evidence to the petition or explain the absence of such evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Following a jury trial, defendant was found guilty of two counts of home invasion (720 ILCS 5/12-11(a)(3), (4) (West 2012)), three counts of armed robbery (*id.* § 18-2(a)(2), (3), (4)), aggravated battery (*id.* § 12-3.05(e)(1)), and unlawful possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a)). Defendant was sentenced to 35 years' imprisonment for one count of armed robbery and a consecutive sentence of 10 years' imprisonment for one count of home invasion. He was further sentenced to 10 years' imprisonment each for aggravated battery and UPWF to run concurrently to the other sentences.

¶ 5        Defendant appealed arguing, in part, that the circuit court abused its discretion by refusing to grant him a continuance so he could secure the attendance of his alibi witnesses. *People v. Ellis*, 2015 IL App (3d) 130200-U, ¶ 29. This court affirmed. *Id.* ¶ 49.

¶ 6        Thereafter, defendant filed, as a self-represented litigant, a postconviction petition. The petition alleged that trial counsel provided ineffective assistance by (1) failing to investigate and read police and inventory reports that contained exculpatory evidence; (2) failing to impeach witnesses with prior inconsistent statements; (3) failing to object to extraneous evidence; (4) being untruthful with the court about communications with a witness; (5) failing to secure forensic experts; and (6) failing to raise and preserve certain claims. The petition further alleged prosecutorial misconduct and ineffective assistance of appellate counsel. The petition elaborated that counsel was ineffective due to his lack of diligence in securing defendant's alibi witnesses for trial. Defendant attached to the petition a police report, inventory report, laboratory report, and various transcripts, including a transcript of the hearing wherein trial counsel requested a continuance to secure the alibi witnesses.

¶ 7     The petition was advanced to the second stage of proceedings and the public defender was appointed to represent defendant. Counsel filed a supplemental postconviction petition which incorporated all of defendant's arguments and set forth the standard for ineffective assistance of counsel claims. Counsel also filed a certificate pursuant to Rule 651(c) which stated she consulted with defendant by mail and by phone to ascertain his contentions of deprivation of constitutional rights, she examined the records of the proceedings at trial and the entire court file, and she made any amendments "necessary for adequate preservation of" defendant's claims. The State filed a motion to dismiss which argued, in part, that defendant's claim regarding the alibi witnesses was not supported by affidavits or other evidence, and that regardless, this court already found that the lack of additional alibi witnesses would not likely have affected the trial or prejudiced defendant such that he could not establish the prejudice element of his claim of ineffective assistance of counsel.

¶ 8     Postconviction counsel filed a motion for leave to file a second supplemental petition. The motion asserted that after a review of the file and multiple conversations with defendant she believed the additional information in the proposed second supplemental petition was significant and directly relevant to defendant's contentions. She then filed a second supplemental postconviction petition which alleged an additional claim regarding defendant's sentence. Postconviction counsel also filed a response to the State's motion to dismiss wherein she attempted to distinguish the issue addressed by this court's order on direct appeal which she noted dealt with a claim that the circuit court abused its discretion for refusing a continuance whereas defendant's current claim involved ineffective assistance of counsel for failing to secure the alibi witnesses for trial. She argued that this court did not decide the issue of counsel's ineffectiveness in that regard.

¶ 9        At the hearing on the motion to dismiss, the State argued that this court had already decided that there was no prejudice to defendant by the failure to have additional alibi witnesses. Postconviction counsel responded that this court acknowledged that the proposed alibi testimony would be material and that further, we did not rule as to whether the alibi witnesses should have been there, just that there was not an abuse of discretion by the circuit court for denying a continuance. The court dismissed the petition. Defendant appeals.

¶ 10                                II. ANALYSIS

¶ 11        Defendant argues that postconviction counsel provided unreasonable assistance and failed to comply with Rule 651(c) when she filed a supplemental postconviction petition incorporating his arguments but failed to attach necessary supporting documentation or explain its absence.

¶ 12        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A defendant is only entitled to reasonable assistance from postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure defendant receives reasonable assistance, Rule 651(c) requires a showing in the record, which may be made by way of a certificate from postconviction counsel, that counsel consulted with the petitioner to ascertain his contentions of deprivation of constitutional rights, examined the record of the proceedings at trial, and "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). If counsel files a certificate that substantially complies with Rule 651(c) "a presumption is raised that counsel complied with that rule, and the burden is on the defendant to rebut that presumption." *People v. Carrizoza*, 2018 IL App (3d) 160051, ¶ 13.

4

¶ 13 Here, postconviction counsel filed a substantially compliant Rule 651(c) certificate[1] and thus, we presume that counsel complied with Rule 651(c). Defendant argues that per *People v. Johnson*, 154 Ill. 2d 227 (1993), postconviction counsel provides unreasonable assistance when he or she fails to support a defendant's allegations of ineffective assistance of trial counsel with affidavits from witnesses defendant identifies and alleges would support his claims. However, defendant ignores the fact that *Johnson* also stated that "[i]n the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *Id.* at 241. If the circuit court is allowed to presume postconviction counsel attempted to obtain supporting affidavits, there is no reason the reviewing court should not be allowed to make the same presumption. This is especially so when, as here, postconviction counsel is already presumed to have complied with Rule 651(c) due to counsel's filing of a compliant Rule 651(c) certificate. As there is no evidence in the record indicating that postconviction counsel failed to seek the supporting affidavits, as there was in *Johnson* (see *id.*), defendant has failed in his burden to overcome the presumption that counsel complied with Rule 651(c). Thus, we conclude that postconviction counsel complied with Rule 651(c) and provided reasonable assistance.

¶ 14                                    III. CONCLUSION

¶ 15 The judgment of the circuit court of Peoria County is affirmed.

¶ 16 Affirmed.

---

[1]We note that postconviction counsel's certificate stated that she made any amendments necessary for the adequate "preservation" of defendant's claims while Rule 651(c) uses the language adequate "presentation." Because defendant does not argue that this wording deviation resulted in counsel's certificate failing to substantially comply with Rule 651(c), we treat the certificate as substantially compliant.