[Cite as *Burns v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-7841.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David Burns, | : | |
| Plaintiff-Appellant, | : | No. 17AP-167 |
| | | (Ct. of Cl. No. 2016-00590) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 26, 2017

**On brief:** *David Burns*, pro se.

**On brief:** *Michael DeWine*, Attorney General, *Emily Simmons Tapocsi*, and *Howard H. Harcha, IV*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} David Burns, plaintiff-appellant, appeals from the judgment of the Court of Claims of Ohio, in which the court granted the motion to dismiss filed by the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.

{¶ 2} Appellant is an inmate in the custody of the ODRC. In April 2015, he was removed from his welder position with Ohio Penal Industries ("OPI"). On August 4, 2016, appellant filed a complaint in the Court of Claims, alleging negligent firing, defamation, and constitutional violations.

{¶ 3} On October 19, 2016, ODRC filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (6). On November 14, 2016, appellant filed an unsigned response with an

unsigned certificate of service attached. In the response, appellant requested leave to amend his complaint, or, in the alternative, requested that the court dismiss the case, pursuant to Civ.R. 41(A)(1)(a).

{¶ 4} On February 3, 2017, the Court of Claims granted ODRC's motion to dismiss. With regard to the negligent firing claim, the court found ODRC was entitled to immunity. With regard to the defamation claim, the court found it was not filed within the one-year statute of limitations. With regard to the constitutional claims, the court found that it lacked jurisdiction to address constitutional claims. The court also indicated that it did not consider appellant's response because he failed to sign the certificate of service.

{¶ 5} Subsequent to the final appealable order, on February 16, 2017, appellant filed a motion for reconsideration, arguing that he did, in fact, sign the response and certificate of service. Appellant attached to his motion a signed response and certificate of service that he claimed demonstrated he actually signed the originally filed response and certificate of service. Appellant appeals the judgment of the Court of Claims, asserting the following assignments of error:

> [I.] THE TRIAL COURT ERRED BY FAILING TO ALLOW DEFENDANT'S DISMISSAL PURSUANT TO CIV.R. 41(A)(1)(a), IN VIOLATION OF APPELLATE CIVIL RULES AND OHIO CONSTITUTIONAL LAW.
>
> [II.] DEFENDANT COMMITTED NEGLIGENCE, FRAUD AND MISREPRESENTATION UNDER R.C. 2305.09, BY IMPROPERLY FIRING THE PLAINTIFF WITHOUT USING PROPER ODRC PROCEDURES, INVENTING FALSE JOB EVALUATIONS IN VIOLATION OF DRC POLICY AND STATE LAW.

{¶ 6} Appellant argues in his first assignment of error that the court erred when it refused to address appellant's request for dismissal contained in his response to ODRC's motion to dismiss. Appellant claims that the response and certificate of service were signed, as demonstrated by the attached signed versions of the response and certificate of service attached to his motion for reconsideration.

{¶ 7} ODRC counters the court properly refused to consider appellant's response because he failed to sign the response and certificate of service, in violation of Civ.R.

5(B)(4) and (11). Furthermore, ODRC asserts that the allegedly signed response and certificate attached to appellant's motion for reconsideration did not remedy the issue, as the court's online docket shows that, in fact, the response and certificate that were originally filed with the court were not signed.

{¶ 8} In determining that it would not consider appellant's response and request for leave, the court cited Civ.R. 5(B)(4), which outlines how service is made and provides:

> **Proof of service.** The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.

{¶ 9} In the present case, the certificate of service included in appellant's response did not specifically identify the date or manner of service and was not signed. Pursuant to the explicit terms of Civ.R. 5(B)(4), a trial court is prohibited from considering a document that is not served consistent with the requirements contained in the rule. Therefore, the court here did not err when it found it could not consider appellant's response and request for leave.

{¶ 10} We also note that, although it is not before us in this appeal, appellant's post-judgment motion for reconsideration filed February 16, 2017 did not remedy the Civ.R. 5(B)(4) deficiency. Initially, the Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment in a trial court. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981), paragraph one of the syllabus. Such motions are considered a nullity. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); *McCualsky v. Appalachian Behavioral Healthcare*, 10th Dist. No. 16AP-442, 2017-Ohio-1064, ¶ 11, citing *BAC Home Loans Servicing, L.P. v. Ferguson*, 10th Dist. No. 12AP-350, 2012-Ohio-5670, ¶ 13. Notwithstanding, appellant claimed in the motion for reconsideration that he signed his response and certificate of service, and attached signed copies to the motion. However, the online filing system for the clerk of courts for the Court of Claims confirms that the original response and certificate of service he filed with the court were not signed. Thus, these arguments are unavailing. For these reasons, we overrule appellant's first assignment of error.

{¶ 11} Appellant argues in his second assignment of error that ODRC committed negligence, fraud, and misrepresentation under R.C. 2305.09, by terminating him without using proper ODRC procedures and inventing false job evaluations. Appellant argues ODRC fired him from his welding position and then created false job evaluations to support the improper filing. He also claims ODRC did not hold a hearing on his firing as required by all OPI employees, pursuant to ODRC's inmate work assignment policy 54-WRK-02. He claims ODRC's behavior was negligent, and ODRC failed to properly train and supervise OPI staff to ensure that ODRC policies were followed.

{¶ 12} ODRC counters the Court of Claims properly granted its motion to dismiss. With regard to appellant's termination from his position, ODRC contends that decision relating to an inmate's placement within the OPI program involves a high degree of official judgment and discretion; thus, ODRC is immune from the negligence claim. With regard to appellant's defamation claim, ODRC contends that defamation claims brought in the Court of Claims are subject to a one-year statute of limitations, and appellant learned of the allegedly defamatory statements in April and May 2015 but did not file his action until August 4, 2016. With regard to appellant's constitutional claims, ODRC asserts the court lacks jurisdiction to consider alleged violations of an individual's constitutional rights.

{¶ 13} Appellant does not address or contest the court's reasons for dismissal anywhere in his assignment of error but only argues the underlying merits of his legal claims. Appellant fails to mention the court's findings related to immunity for his negligent-firing claim, the statute of limitations for his defamation claim, or the court's lack of jurisdiction to address constitutional claims. "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 51 (10th Dist.), citing App.R. 9 and 16(A)(7). It is inappropriate for us to formulate legal arguments in support of his appeal. *See State v. Tuck*, 146 Ohio App.3d 505, 510 (9th Dist.2001). It is also not the duty of this court to search the record for evidence to support any alleged error. *Petro* at ¶ 94. Therefore, this court will not assume appellant's duty to formulate arguments that contest

the court's determinations. For these reasons, we overrule appellant's second assignment of error.

{¶ 14} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____