THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OTONIEL VASQUEZ, Defendant-Appellant.

Second District   No. 2—03—0042

Opinion filed January 28, 2005.—Rehearing denied April 8, 2005.

Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, and Kim Robert Fawcett, of State Appellate Defender's Office, of Chicago, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and

Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Otoniel Vasquez, appeals from the order of the circuit court of Lake County dismissing his petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2002)). Defendant contends that postconviction counsel rendered unreasonable assistance by failing to amend defendant's *pro se* petition for postconviction relief. Defendant further argues that postconviction counsel should have added a claim that trial counsel rendered ineffective assistance as a result of her failure to move to suppress defendant's confession based upon a violation of the Vienna Convention on Consular Relations, *opened for signature* April 24, 1963, art. 36, 21 U.S.T. 77, 596 U.N.T.S. 261 (Vienna Convention). We affirm.

In 1999, following a jury trial, defendant was found guilty of committing the offense of aggravated battery of a child (720 ILCS 5/12—4.3(a) (West 1998)). The trial court sentenced defendant to 24 years' imprisonment. On direct appeal, defendant's appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). In the *Anders* motion appellate counsel identified two potential issues: the sufficiency of the evidence, and the excessiveness of defendant's sentence. In response, defendant raised four additional issues for review: (1) the State made improper comments in its opening statement; (2) the trial court erred in admitting an expert's testimony; (3) the trial court erred in admitting defendant's confession without the proper foundation; and (4) defendant's trial counsel was ineffective in failing to move to suppress his confession.

This court granted appellate counsel's motion to withdraw, rejecting all of the aforesaid arguments and affirming the trial court's judgment. See *People v. Vasquez*, No. 2—99—1465 (2002) (unpublished order under Supreme Court Rule 23).

Defendant filed a *pro se* postconviction petition alleging that: (1) his statement to the police was taken in violation of his fifth amendment right and should have been suppressed; (2) the failure of the Waukegan police department to have counsel present during his interrogation was in violation of his sixth amendment right; and (3) his trial counsel's failure to file a motion to suppress his statement was in violation of his sixth amendment right to effective assistance of counsel. In support of defendant's argument that trial counsel should have filed a motion to suppress his statements, defendant argued: "[C]ompetent counsel clearly would be expected to discern that the

petitioner was forced into giving his statement to the police. \*\*\* [T]he petitioner specifically informed defense counsel that the police had effected his statement by threat (force)." Defendant's court-appointed postconviction counsel declined to amend the petition and filed a Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) certificate. The State filed a motion to dismiss the petition, alleging that *res judicata* applied because all of the issues in the postconviction petition were decided by the appellate court on direct appeal. The trial court granted the State's motion to dismiss, and this timely appeal followed.

The Act provides a collateral remedy by which criminal defendants may challenge their convictions or sentences when there have been violations of federal or state constitutional law. *People v. Miller*, 346 Ill. App. 3d 972, 981 (2004). The Act creates a three-stage process for postconviction proceedings in cases not involving the death penalty. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). At the first stage the circuit court reviews the petition and determines whether, on its face, "the petition is frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 2002). If the circuit court does not dismiss the postconviction petition as frivolous or patently without merit, then the petition advances to the second stage.

At the second stage, section 122—4 of the Act provides for the appointment of counsel for an indigent defendant (725 ILCS 5/122—4 (West 2002)), and counsel may file an amended petition. *People v. Boclair*, 202 Ill. 2d 89, 100 (2002). At this stage the State is required to either answer or move to dismiss the petition. 725 ILCS 5/122—5 (West 2002). The circuit court must then determine whether the petition and any attached documents make a substantial showing of a constitutional violation. *Edwards*, 197 Ill. 2d at 246. If such a showing is made, the petition proceeds to the third stage, where the court conducts an evidentiary hearing. 725 ILCS 5/122—6 (West 2002); *Boclair*, 202 Ill. 2d at 100. The instant case was dismissed by the trial court at the second stage of the process. This court reviews the dismissal of a postconviction petition at the second stage *de novo*. *People v. Williams*, 186 Ill. 2d 55, 59-60 (1999); *People v. Coleman*, 183 Ill. 2d 366, 378 (1998).

Here, defendant's sole contention is that his court-appointed postconviction counsel failed to render him reasonable assistance. Defendant alleges that postconviction counsel should have amended his *pro se* postconviction petition to include the contention that his trial counsel rendered ineffective assistance for failing to file a motion to suppress defendant's confession based upon a violation of the Vienna Convention.

■ There is no constitutional right to counsel in postconviction

proceedings. *Williams*, 186 Ill. 2d at 60. Our supreme court has stated that whereas the right to assistance of counsel at trial is derived from the sixth amendment of the United States Constitution, the assistance of counsel at postconviction proceedings " ' "is a matter of legislative grace and favor." ' " *People v. Owens*, 139 Ill. 2d 351, 364 (1990), quoting *People v. Porter*, 122 Ill. 2d 64, 73 (1988), quoting *People v. Ward*, 124 Ill. App. 3d 974, 978 (1984). Supreme Court Rule 651 requires counsel in postconviction proceedings to provide petitioners with a "reasonable level of assistance." (Emphasis omitted.) *Owens*, 139 Ill. 2d at 364.

Rule 651(c) further requires that the record in postconviction proceedings demonstrate that appointed counsel "has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c). Compliance with the duties set forth in this rule is mandatory. *People v. Munson*, 206 Ill. 2d 104, 137 (2002).

Defendant's postconviction counsel filed a certificate providing that he complied with each of the requirements of Rule 651(c). Defendant argues that counsel should have amended his *pro se* postconviction petition to "re-fashion" his third claim to state that trial counsel's representation was ineffective for failing to move to suppress defendant's confession based on a violation of Article 36 of the Vienna Convention.

■ Both the United States and Mexico are signatories of the Vienna Convention, which is a multilateral treaty whose purpose is to promote friendly relations among nations by establishing consular relations. Vienna Convention on Consular Relations, *opened for signature* April 24, 1963, art. 36, 21 U.S.T. 77, 596 U.N.T.S. 261. Article 36 of the Vienna Convention requires: that foreign detainees be informed "without delay" that they may contact their consulate; that foreign consular officials be informed when their national has been detained, if the national so requests; and that any communication addressed to the consulate be forwarded without delay. Vienna Convention on Consular Relations, *opened for signature* April 24, 1963, art. 36, 21 U.S.T. 77, 596 U.N.T.S. 261.

In the case at hand, defendant argues that the police reports attached to the postconviction petition, read in conjunction with the record of the trial proceedings, reflect that defendant was not notified of his right to contact the Mexican consulate as required by the Vienna Convention. Defendant cites *People v. Johnson*, 154 Ill. 2d 227

(1993), in support of his argument that postconviction counsel deviated from the duties contemplated by Rule 651(c) by not amending the petition to include a violation of the Vienna Convention. In *Johnson*, the trial court dismissed an amended postconviction petition because it was not supported by affidavits, records, or other evidence, as required by the Act. *Johnson*, 154 Ill. 2d at 239-40. Johnson's postconviction counsel admitted that he made no effort to obtain affidavits from witnesses the defendant had identified in his *pro se* petition or to investigate claims raised in the *pro se* petition. *Johnson*, 154 Ill. 2d at 241.

The defendant in *Johnson* asserted two different arguments on appeal. First, the defendant claimed that his postconviction counsel had an obligation to attempt to obtain affidavits from the witnesses whom defendant had identified and to attach them to the petition. Our supreme court agreed, stating that postconviction counsel is required under Rule 651(c) to shape the defendant's complaint into appropriate legal form to present to the court. The supreme court reasoned that because the postconviction statute requires that supporting documentation accompany a postconviction petition, postconviction counsel had an obligation under Rule 651(c) to attempt to obtain affidavits from the witnesses identified in the *pro se* petition, for the purpose of shaping the petition into appropriate legal form. *Johnson*, 154 Ill. 2d at 237-38. The defendant's second argument in *Johnson* was that his postconviction counsel should have conducted an investigation to find additional mitigating witnesses, including previous neighbors, coworkers, and friends, who could have testified at his sentencing hearing. The supreme court rejected this claim, finding that, "[w]hile post-conviction counsel has an obligation to present a petitioner's claims in appropriate legal form, he is under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition." (Emphasis omitted.) *Johnson*, 154 Ill. 2d at 247.

■ While defendant argues that the issue in this case is similar to the first issue in *Johnson*, the facts here are more analogous to those discussed in the second issue. Defendant argues that his postconviction counsel was required to "re-fashion" the ineffective assistance of counsel claim alleged in the *pro se* petition to allege that defendant's confession should be suppressed because his rights under the Vienna Convention were violated. However, this is an entirely new claim because in the *pro se* petition defendant argued that his confession should be suppressed because it was obtained by force or coercion. The only similarity between the two claims is the remedy requested. The supreme court in *Johnson* provided that postconviction counsel is

required to reshape the claims contained in *pro se* petitions to put them into the appropriate legal form; it did not provide that postconviction counsel is required to formulate new claims. *Johnson*, 154 Ill. 2d at 237-38. In *People v. Davis*, the supreme court found that the reasonable representation of postconviction counsel does not include the "exploration, investigation and formulation of potential claims." *People v. Davis*, 156 Ill. 2d 149, 163 (1993). Therefore, here, defendant's postconviction counsel did not deviate from his duty to provide defendant with reasonable representation when he did not amend the claim to allege a violation of the Vienna Convention.

In addition, postconviction counsel is not obligated to search outside the record for evidence that might support claims contained in a petition. *Johnson*, 154 Ill. 2d at 247. The record in this case, including the Waukegan police reports attached to the *pro se* postconviction petition, is devoid of any reference to the Vienna Convention. It cannot be discerned from the record if defendant was or was not given his rights under the Vienna Convention. Postconviction counsel has no obligation to engage in a generalized "fishing expedition" in search of support for claims raised in a postconviction petition. *People v. Williams*, 186 Ill. 2d at 61. Here, defendant's postconviction counsel clearly had no obligation to seek out or explore alternative bases for defendant's claim that his trial counsel was ineffective for failing to move to suppress his confession, particularly when the alleged support for the claim lay outside the record.

Even if it could be shown that postconviction counsel should have amended the petition to allege a violation of the Vienna Convention, to establish that postconviction counsel provided inadequate representation, defendant must show that the petition could have been amended to state a case upon which relief could be granted. See *People v. Wren*, 223 Ill. App. 3d 722, 731 (1992). Here, our inquiry is whether relief is appropriate on a postconviction claim that trial counsel was ineffective for failing to move to suppress defendant's confession based on a violation of the Vienna Convention. We find that it is not.

To prevail on a claim of ineffective assistance of trial counsel, a defendant must establish that trial counsel's representation fell below an objective standard of reasonableness and the deficient performance so prejudiced the defendant that it was reasonably probable the result would have been different but for the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Our supreme court adopted the *Strickland* standard for challenges to effectiveness of counsel. *People v. Albanese*, 104 Ill. 2d 504, 526 (1984). A reasonable probability is one sufficient to undermine confidence in the result of the proceeding. *People v. Morris*, 335 Ill. App. 3d 70, 84 (2002).

Here, defendant argues that his statements to the police should be suppressed because he was not informed of his right to contact the Mexican consulate pursuant to the Vienna Convention. Defendant points to only one case in which the suppression of a statement was allowed because the arresting agency failed to inform the defendant of his right under the Vienna Convention to contact his consulate. In *State v. Reyes*, 740 A.2d 7 (Del. Super. Ct. 1999), the Delaware court relied on *United States v. Lombera-Camorlinga*, 170 F.3d 1241 (9th Cir. 1999), when it found that the defendant's statements to the police should be suppressed because he was not informed of his right to contact the Guatemalan consulate. However, the Ninth Circuit later withdrew its decision in *Lombera-Camorlinga* and filed a new decision, finding that the language of the Vienna Convention and its operation over the last 30 years supported the government's position that statements should not be excluded based on the failure to inform foreign nationals of their rights. *United States v. Lombera-Camorlinga*, 206 F.3d 882, 888 (9th Cir. 2000). Subsequently, in an unpublished order, the Superior Court of Delaware provided in *dicta* that, because the case law that *Reyes* relied upon was overruled, it was very likely that the court would now decide the matter differently. See *State v. Vasquez*, Nos. CR.A. 98—01—0317—R2, CR.A. 98—02—1488—R2 (Del. Super. 2001).

Defendant acknowledges that no Illinois court has held that suppression of evidence is a remedy for failure to notify a citizen of another country of his rights under the Vienna Convention. In fact, both the First District and the Third District have studied the question and have concluded that a violation of the Vienna Convention does not warrant a suppression of evidence. See *People v. Griffith*, 334 Ill. App. 3d 98, 111 (1st Dist. 2002); *People v. Hernandez*, 319 Ill. App. 3d 520, 531 (3rd Dist. 2001); *People v. Villagomez*, 313 Ill. App. 3d 799, 809-12 (1st Dist. 2000).

In *Villagomez*, the First District noted that the Vienna Convention does not specifically provide for suppression of statements as a remedy when an arresting authority fails to notify foreign nationals of the right to contact their consulate and thus jurisdictions have held that suppression is not an available remedy. *Villagomez*, 313 Ill. App. 3d at 812, citing *United States v. Li*, 206 F.3d 56 (1st Cir. 2000), *United States v. Torres-Del Muro*, 58 F. Supp. 2d 931 (C.D. Ill. 1999), and *United States v. Carrillo*, 70 F. Supp. 2d 854 (N.D. Ill. 1999).

In *Hernandez*, the Third District decided similarly, relying on the Seventh Circuit Court of Appeals' decision in *United States v. Chaparro-Alcantara*, 226 F.3d 616 (7th Cir. 2000). Reviewing the basic principles of the exclusionary rule, the court of appeals provided that

the application of the exclusionary rule is appropriate only when the constitution or a statute requires it. *Chaparro-Alcantara*, 226 F.3d at 621. Treaties and statutes have been held to be "on the same footing" with each other under the Constitution, and therefore the exclusionary rule applies as a sanction for a violation only if the treaty provides for that remedy. *Chaparro-Alcantara*, 226 F.3d at 621, citing *Whitney v. Robertson*, 124 U.S. 190, 194, 31 L. Ed. 386, 388, 8 S. Ct. 456, 458 (1888). The court of appeals noted that nothing in the text of the Vienna Convention indicates that suppression is an appropriate remedy for a violation. *Chaparro-Alcantara*, 226 F.3d at 621. The delegates who drafted the Vienna Convention did not even discuss the issue of whether suppression was an appropriate remedy for violations. *Chaparro-Alcantara*, 226 F.3d at 621, citing Official Records, United Nations Conference on Consular Relations (1963) (volumes I and II). The court of appeals found that it could not require the suppression of statements made by defendants who have not been informed of their Vienna Convention rights. *Chaparro-Alcantara*, 226 F.3d at 621. The court of appeals also noted that its conclusion agreed with that of its colleagues in the Ninth Circuit in *Lombera-Camorlinga*, 206 F.3d 882, the First Circuit in *United States v. Li*, 206 F.3d 56 (1st Cir. 2000), and the Eleventh Circuit in *United States v. Cordoba-Mosquera*, 212 F.3d 1194 (11th Cir. 2000).

Many other courts have come to a similar conclusion. See *United States v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001); *United States v. Emuegbunam*, 268 F.3d 377 (6th Cir. 2001); *United States v. Minjares-Alvarez*, 264 F.3d 980 (10th Cir. 2001); *State v. Rosas*, 28 Kan. App. 2d 382, 17 P.3d 379 (2000); *State v. Homdziuk*, 369 N.J. Super. 279, 848 A.2d 853 (2004); *State v. Tuck*, 146 Ohio App. 3d 505, 766 N.E.2d 1065 (2001); *Rocha v. State*, 16 S.W.3d 1 (Tex. Crim. App. 2000); *State v. Jamison*, 105 Wash. App. 572, 20 P.3d 1010 (2001).

Our supreme court touched upon the issue in *People v. Madej*, 193 Ill. 2d 395 (2000). In *Madej*, the defendant based a petition for writ of *mandamus* and a petition for relief under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)) on the State's admitted violation of the Vienna Convention. *Madej*, 193 Ill. 2d at 398-99. The majority found that the section 2—1401 petition was not timely filed and that the failure to inform the defendant of his Vienna Convention rights did not toll the state's procedural time limitations period. *Madej*, 193 Ill. 2d at 404. Three justices dissented. Justice McMorrow, who dissented in part and concurred in part, believed that the unique circumstances of the case and the fact that the defendant was sentenced to death warranted a remedy for the violation of the Vienna Convention and recommended remanding for a new sentencing

hearing. *Madej*, 193 Ill. 2d at 410 (McMorrow, J., dissenting in part and concurring in part). Chief Justice Harrison joined Justice Heiple in asserting that the remedy for the violation of the Vienna Convention was to remand for a new trial. *Madej*, 193 Ill. 2d at 412 (Heiple, J., dissenting, joined by Harrison, C.J.). None of the dissenters asserted that relief for a violation of the Vienna Convention was suppression of evidence.

In *United States v. Schomig*, 223 F. Supp. 2d 968 (N.D. Ill. 2002), the United States District Court for the Northern District for Illinois considered a writ of *habeas corpus* filed by Madej. The district court provided that the International Court of Justice (ICJ) has made it clear that procedural default rules that prevent courts from considering the effect of Vienna Convention violations on a defendant's trial violate the terms of the Vienna Convention and that the ICJ's interpretations of the Vienna Convention are binding as a matter of federal law. See *Schomig*, 223 F. Supp. 2d at 978-79, citing *LaGrand Case (Germany v. United States)*, 2001 I.C.J. 104, at ¶91 (June 27). However, while the district court disagreed with the Illinois Supreme Court and granted judgment on Madej's Vienna Convention claim, it still denied relief. *Schomig*, 223 F. Supp. 2d at 980. The district court found that the issue was moot because the defendant had been granted relief from his death sentence on the ineffective assistance of counsel claim. *Schomig*, 223 F. Supp. 2d at 980. In discussing this issue the district court noted: "If the Court did not deem the issue moot, the inquiry would not necessarily end with granting Petitioner relief. *** Since there is no clear Supreme Court precedent about remedies for Vienna Convention violations, it is unlikely that this, or any other Court could premise relief on this basis." *Schomig*, 223 F. Supp. 2d at 980 n.13.

Most courts that have reviewed Vienna Convention violations have emphasized the importance of advising foreign detainees of their rights under the Vienna Convention. See *Breard v. Pruett*, 134 F.3d 615, 622 (4th Cir. 1998) (Butzner, J., concurring) (noting that the freedom and safety of the United States citizens who are scattered about the world are seriously endangered if state officials fail to honor the Vienna Convention and other nations follow their example). However, the overwhelming weight of authority is that a violation of Article 36 of the Vienna Convention does not result in the suppression of statements. It was not unreasonable for defendant's trial counsel to fail to bring a motion to suppress when such a motion had been attempted in numerous jurisdictions and denied. Therefore, trial counsel's representation did not fall below an objective standard of reasonableness and trial counsel's performance did not prejudice

defendant, as it was not reasonably probable that the result would have been different had counsel brought a motion to suppress based upon a Vienna Convention violation.

In light of the foregoing discussion, even if postconviction counsel had amended the ineffective assistance of counsel claim as defendant argues, the petition would not have stated a cause upon which relief could have been granted. We hold that postconviction counsel provided defendant with a "reasonable level of assistance" and complied with the requirements of Rule 651(c). Further, we hold that the trial court was correct in granting the State's motion to dismiss defendant's post-conviction petition.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

Affirmed.

BOWMAN and CALLUM, JJ., concur.