# Illinois Official Reports

## Appellate Court

---

### *People v. Vinson*, 2017 IL App (3d) 150460

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICK VINSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0460 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | September 9, 2017<br><br>September 29, 2017<br>September 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 09-CF-488; the Hon. Paul P. Gilfillan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Editha Rosario-Moore, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Stewart J. Umholtz, State's Attorney, of Pekin (Patrick Delfino, Lawrence M. Bauer, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel                    JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Justice McDade concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1        Defendant, Rick Vinson, appeals the partial dismissal of his postconviction petition at the second stage, arguing that postconviction counsel was unreasonable for failing to (1) allege ineffective assistance of appellate counsel based on a conflict of interest and (2) attach supporting evidence. We affirm.

¶ 2                                    FACTS

¶ 3        After a bench trial, the court found defendant guilty of four counts of criminal sexual assault. 720 ILCS 5/12-13(a)(1), (a)(2) (West 2008).[1] The court sentenced defendant to two consecutive terms of four years' imprisonment, with two of the four counts merging. During trial, defendant was represented by private counsel, Jason Kopec. Kopec continued to represent defendant during his direct appeal. This court affirmed defendant's convictions on direct appeal. *People v. Vinson*, 2011 IL App (3d) 100667-U. In doing so, we noted that two of defendant's arguments were forfeited and defendant failed to argue plain error. *Id.* ¶¶ 39-41, 47. We also noted that one of defendant's arguments was waived because defendant "only raise[d] this issue on appeal but [did] not argue it." *Id.* ¶ 50.

¶ 4        Defendant subsequently filed a *pro se* postconviction petition. The petition alleged, *inter alia*, numerous instances of ineffective assistance of counsel. Specifically, defendant argued, in part, that trial counsel was ineffective for failing to (1) properly file motions or object during trial to the extent that issues raised on direct appeal were considered waived or forfeited, (2) advise defendant on the terms of an alleged plea offer and whether to consider it, and (3) advise defendant on what his sentence would be and the percentage of the sentence he would have to serve. Defendant argued that appellate counsel was ineffective for failing to (1) argue plain error of the forfeited errors and (2) address more fully the issue the appellate court deemed waived. Defendant further alleged that he had asked that trial counsel have the Office of the State Appellate Defender appointed on appeal, but counsel had ignored defendant's request.

¶ 5        The circuit court did not rule on defendant's *pro se* petition within 90 days. Therefore, the court appointed postconviction counsel, and the petition moved to the second stage. Postconviction counsel filed a 68-page amended petition and an Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) certificate stating that he made all amendments necessary for presentation of defendant's contentions. The petition included a footnote that stated: "The Defendant denies that he retained his trial counsel for the appeal. The Defendant asserts that he had wanted an appellate defender but that his trial counsel never had one appointed." The amended petition advanced all the allegations of ineffective assistance of counsel that

_____

[1]This statute was subsequently renumbered as section 11-1.20 by Public Act 96-1551 (Pub. Act 96-1551, art. 2, § 5 (eff. July 1, 2011)).

defendant had included in his *pro se* petition, including specific instances in which Kopec had, in the circuit court, failed to (1) object at trial, (2) file motions, and (3) conduct investigations. On appeal, Kopec failed to (1) argue plain error for two issues and (2) properly argue and brief an issue. The amended petition stated:

> "On the first day of trial, after the lunch break, the Defendant was told by his defense trial counsel that the prosecution offered a plea bargain to one count. The defense trial counsel told the Defendant that the prosecutor did not mention how many years. However, the defense trial counsel stated that the prosecutor could not offer less than the Judge would give. Based on Defendant's prior conversations with his defense counsel, the Defendant understood this to mean 4 years DOC at 50% day for day good time."

The petition argued that Kopec implicitly informed defendant not to take the plea deal because the case was going well for defendant and the State "had prepared the victim for a loss." Further, the petition stated:

> "Defense trial counsel had told the Defendant at a pre trial meeting at the jail that considering the Defendant's background, there was no way the Judge was going to sentence the Defendant to more than one count at the minimum four years at 50%.
>
> * * *
>
> *** The Defendant ultimately received a sentence of 4 years on two counts, consecutive, at 85% time. This actual sentence was therefore three times the sentence that defense trial counsel told the Defendant pre trial he would receive if found guilty.
>
> * * *
>
> *** Had the Defendant been informed that the sentence would be served at 85% time, the Defendant would have taken the plea offer on one count.
>
> *** Had the Defendant been informed that he would be sentenced on two counts post trial, the Defendant would have taken the plea offer on one count."

Attached to the petition was an affidavit of defendant. Defendant's *pro se* petition was also attached as an affidavit.

¶ 6      The State filed a motion to dismiss arguing, *inter alia*, (1) defendant's petition was untimely, (2) some of defendant's claims were waived or barred by *res judicata*, (3) defendant's claims of ineffective assistance of counsel were not adequately supported, and (4) defendant could not show that counsel was deficient or that he was prejudiced. A hearing was held on the motion to dismiss. The court issued a written order. The court denied the motion with respect to two of defendant's allegations, stating that (1) defendant's claim that his right to counsel of choice on appeal, if proven, would be structural error and (2) trial counsel's strategy regarding the deoxyribonucleic acid (DNA) chain of custody was not capable of direct review as Kopec continued to represent defendant on appeal. However, the court granted the motion to dismiss as to every other allegation in the petition.

¶ 7      The petition proceeded to a third-stage hearing on the issues of "whether or not the defendant desire[d] to have his appellate counsel actually handle his appeal, and then depending on the outcome of that particular issue, whether or not the chain of custody was adequately addressed by counsel during the trial." After the hearing, the court denied the postconviction petition, stating that the court could not conclude that defendant requested different counsel on appeal. The court further found that reasonable trial strategy could explain

Kopec's action or inaction regarding the DNA chain of custody.

¶ 8                                    ANALYSIS

¶ 9        On appeal, defendant raises two claims of unreasonable assistance of postconviction counsel. First, defendant argues that counsel failed "to shape into proper legal form [defendant's] *pro se* claim that trial counsel was ineffective for representing him on appeal, despite the defendant's request for the appointment of the public defender, and where counsel was placed in an irreconcilable conflict that adversely affected his performance on appeal." Stated another way, defendant argues that postconviction counsel should have amended the petition to allege ineffective assistance of counsel based on a conflict of interest. Second, defendant argues that postconviction counsel failed to attach supporting evidence necessary for "defendant's claim that trial counsel failed to properly advise him on the terms of a plea bargain and inaccurately advised him about his potential sentence," nor did postconviction counsel explain why such evidence was not included.

¶ 10       Based on our supreme court's opinion in *People v. Lawton*, 212 Ill. 2d 285 (2004), we find that postconviction counsel properly amended defendant's petition to include all necessary claims of ineffective assistance of counsel. Further, postconviction counsel's amended petition included an affidavit from defendant stating that the State did not include a term of years when presenting a plea offer to Kopec. Because of this and because the lack of an affidavit from the State or Kopec may have been trial strategy, we find that counsel's supporting evidence was sufficient.

¶ 11       Though two of defendant's claims reached the third stage of the postconviction process, defendant solely challenges the assistance given by his postconviction counsel at the second stage. During second-stage postconviction proceedings, the defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 15. There is no constitutional right to the assistance of postconviction counsel. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Instead, the right to counsel during postconviction proceedings is statutory under the Post-Conviction Hearing Act, and petitioners are only entitled to a reasonable level of assistance. *Id.*; 725 ILCS 5/122-1 *et seq.* (West 2012).

¶ 12       "Postconviction counsel is required only to investigate and properly present defendant's claims." *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10. Rule 651(c) requires that appointed postconviction counsel make amendments to the petitioner's *pro se* postconviction petition that are necessary for adequate presentation of the petitioner's contentions, but counsel is not required to make amendments that would further a frivolous or nonmeritorious claim. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *People v. Turner*, 187 Ill. 2d 406, 412 (1999); *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Postconviction counsel's filing of a Rule 651(c) certificate gives rise to the presumption that the defendant received the required representation, but such a presumption may be rebutted by the record. *Russell*, 2016 IL App (3d) 140386, ¶ 10. " '[A] defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice.' " *People v. Ross*, 2015 IL App (3d) 130077, ¶ 15 (quoting *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18).

¶ 13                              I. Conflict of Interest

¶ 14       Defendant argues that postconviction counsel was unreasonable for failing to allege that Kopec was ineffective based on a conflict of interest. In support of his position, defendant

- 4 -

relies on *Lawton*, 212 Ill. 2d 285. The defendant in *Lawton* was declared a sexually dangerous person and appealed. *Id.* at 287. The attorney that had represented him at trial also represented him in his appeal. *Id.* at 292. The appellate court affirmed. *Id.* He subsequently filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2002)) alleging, *inter alia*, ineffective assistance of counsel. *Lawton*, 212 Ill. 2d at 293. The circuit court granted the defendant's petition, finding that he had not been provided effective assistance of counsel, and the State appealed. *Id.* at 294. The appellate court reversed, holding that a section 2-1401 petition was "not an appropriate forum for a defendant to raise claims regarding competency of counsel." *Id.*

¶ 15    Our supreme court determined that a petition for relief from judgment was the correct place for the defendant to raise his ineffective assistance of counsel claim. *Id.* at 295. The court noted that "[p]roceedings under the Sexually Dangerous Persons Act are civil in nature" but that defendants subject to the act were entitled to effective assistance of counsel. *Id.* The court then stated:

"The right to effective assistance of counsel has no meaning unless a defendant has some means to assert it. Where a defendant in a proceeding under the Sexually Dangerous Persons Act contends that he was denied effective assistance of counsel at trial, he may raise that issue on direct appeal from the circuit court's judgment. [Citation.] When the defendant's trial counsel goes on to represent him on appeal, however, that avenue is likely to be foreclosed. An attorney cannot be expected to argue his own ineffectiveness. That is why, for example, trial counsel's failure to assert his own ineffective representation in a posttrial motion does not waive the issue on appeal. [Citation.]

That is the problem facing Lawton in the case before us here. As we have indicated, the lawyer whose actions in the trial court are the basis for Lawton's claim of ineffective assistance of counsel is the same lawyer who handled Lawton's appeal on direct review. To advance Lawton's argument that he had mishandled the trial proceedings would have required the lawyer to argue his own incompetence on appeal. To avoid the criticism that he was incompetent would have required that he compromise his obligation as an attorney to represent Lawton zealously. The lawyer thus faced an inherent conflict of interest.

Defendants seeking to challenge the effectiveness of the representation they received during their criminal trials have a mechanism for avoiding this problem. If their trial counsel continues to represent them on direct review and does not raise the issue of the effectiveness of the representation he provided, notions of waiver will yield to considerations of fundamental fairness and defendants will still be permitted to challenge trial counsel's effectiveness through proceedings under the Post-Conviction Hearing Act." *Id.* at 295-96.

Because the case was civil in nature, however, the defendant could not file a postconviction petition in which to raise the ineffectiveness of counsel. *Id.* at 297. Therefore, the court determined that the defendant could have sought relief in a section 2-1401 petition, though the court ultimately rejected the defendant's claim on the merits. *Id.* at 297, 302.

¶ 16    Ultimately, *Lawton* provides two takeaways: (1) if an attorney represents a defendant in a criminal case during both the trial and the appeal, the defendant can raise ineffective assistance of counsel on postconviction and (2) if the same scenario is true in a case under the Sexually

Dangerous Persons Act, the defendant can raise ineffective assistance in a section 2-1401 petition.

¶ 17    Here, defendant attempts to expand *Lawton* into the proposition that when counsel represents a defendant both during trial and on appeal, postconviction counsel must amend the petition to include ineffective assistance of counsel *based on a conflict of interest*. *Lawton* does not state this, nor does defendant cite any other case with such a result. *Lawton* is clear that an attorney *only* labors under a conflict of interest if he is forced to argue his own ineffectiveness. This scenario is not present in the instant case as Kopec did not argue his own ineffectiveness on direct appeal. See *id.* at 296; see also *People v. Sullivan*, 2014 IL App (3d) 120312, ¶¶ 46-47. Moreover, Kopec was not required to argue his own ineffectiveness since defendant could raise the argument in his postconviction petition. Stated another way, representing a defendant both during trial and on appeal would *only* become a conflict of interest, in this context, if the attorney was forced to argue his ineffectiveness. As a defendant may always bring such a claim in his postconviction petition, an attorney will not be forced to make such an argument, and the conflict is avoided. In other words, there is no conflict that must be alleged simply because trial counsel continued to represent a defendant on appeal.

¶ 18    Here, postconviction counsel amended defendant's *pro se* postconviction petition to include each claim of ineffective assistance defendant raised in his *pro se* petition, including the claims of ineffective assistance of appellate counsel. There was no conflict of interest to allege as Kopec did not argue his own effectiveness on direct appeal. Therefore, postconviction counsel sufficiently presented defendant's claims of ineffective assistance. See *Lawton*, 212 Ill. 2d at 295-96.

¶ 19                                    II. Affidavit

¶ 20    Defendant contends that postconviction counsel was unreasonable for failing to attach an affidavit from either the State or Kopec stating the terms of the plea offered.

¶ 21    Section 122-2 of the Post-Conviction Hearing Act states, "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2014).

> "The evidentiary affidavit attached to a postconviction petition serves two purposes. First, it must contain a factual basis sufficient to show the petition's allegations are 'capable of objective or independent corroboration.' [*People v. Collins*, 202 Ill. 2d 59, 67 (2002).] Second, it must 'identify with reasonable certainty the sources, character, and availability of the alleged evidence supporting the petition's allegations.' [*People v. Delton*, 227 Ill. 2d 247, 254 (2008).]" *People v. Allen*, 2015 IL 113135, ¶ 32.

¶ 22    Postconviction counsel attached a supplemental affidavit of defendant, which was signed and notarized. Defendant's affidavit states, in part:

> "My trial defense counsel also told me that over the noon break (after the morning testimony and before the afternoon resumption of the trial) that the prosecutor had made a plea offer that I plead guilty to one count. I asked my defense counsel how many years and my defense counsel said that the prosecutor did not say how many years on the one count."

Defendant explicitly states in the affidavit that there was not a term of years offered as part of the plea offer. "Absent a showing of available material for supporting affidavits, a failure to

present affidavits obviously cannot be considered a neglect by the attorney." *People v. Stovall*, 47 Ill. 2d 42, 46 (1970). Defendant has not shown that there were actually any terms to the plea offer. In fact, defendant's affidavit appears to confirm there were no specific terms, with regard to years, attached to the offer. Moreover, even if we accept defendant's contention that there was a term of years in the plea, counsel's decision not to attach an affidavit of the State or Kopec may have been strategy as the term of imprisonment offered could have been more than the sentence defendant actually received. For these reasons, counsel was not unreasonable for failing to attach an affidavit of the State or Kopec.

¶ 23    In coming to this conclusion, we reject defendant's contention that postconviction counsel could have raised the novel argument "that the defendant would have taken a plea to one count, regardless of the sentence, because of the sex offender registry requirements." Postconviction counsel need only amend the claims raised by defendant in his *pro se* petition. *People v. Garcia-Rocha*, 2017 IL App (3d) 140754, ¶ 35; *People v. Pendleton*, 223 Ill. 2d 458, 476 (2006) ("While postconviction counsel *may* conduct a broader examination of the record [citation], and may raise additional issues if he or she so chooses, there is no obligation to do so." (Emphasis in original.)). Moreover, postconviction counsel has "no obligation to seek out or explore alternative bases for defendant's claim." *People v. Vasquez*, 356 Ill. App. 3d 420, 425 (2005).

¶ 24                                                      CONCLUSION
¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

¶ 26    Affirmed.

¶ 27    JUSTICE MCDADE, concurring in part and dissenting in part.
¶ 28    The majority upholds the partial dismissal of defendant's postconviction petition at the second stage, finding that postconviction counsel did not act unreasonably in (1) failing to allege ineffective assistance of appellate counsel (Kopec) based on a conflict of interest or (2) failing to attach an affidavit supporting defendant's *pro se* claim that trial counsel (Kopec) incorrectly advised him on the terms of his potential plea bargain and sentence. While I concur with the majority's holding as to the first issue, I dissent from the majority's finding as to the second issue. I believe postconviction counsel's failure to attach an affidavit from the prosecutor or Kopec describing the terms of the potential plea agreement constitutes unreasonable assistance. Section 122-2 of the Post-Conviction Hearing Act expressly provides that "[t]he petition *shall* have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." (Emphasis added.) 725 ILCS 5/122-2 (West 2012). Postconviction counsel did not comply with either mandate.
¶ 29    The importance of trial counsel's effectiveness cannot be overstated, particularly in criminal cases. See *Cuyler v. Sullivan*, 446 U.S. 335, 343 (1980). On appeal, all of the applicable standards of review favor upholding the verdict. The likelihood of correcting constitutional issues on postconviction review is even lower than on direct appeal. Although the procedural scheme in such actions is fair, its implementation is narrowly restricted. At the second stage, postconviction counsel is supposed to review the proceedings and discuss the contentions of error with the defendant, but counsel is not required to make any arguments or raise any issues that the defendant did not raise in his *pro se* postconviction petition. *Russell*,

2016 IL App (3d) 140386, ¶ 10. In other words, postconviction counsel need only advance those contentions actually raised by a person who is ignorant of the letter and nuances of the law in general and the postconviction statute in particular. Counsel is, however, required to shape all the claims the defendant *has* made into proper form. *Id.* As postconviction counsel is not required to raise new issues, it is all the more important that counsel properly shape those defendant has raised.

¶ 30    In order to adequately allege ineffective assistance of counsel for incompetency during plea negotiations, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Stated another way, defendant's postconviction petition had to show that defendant was prejudiced by Kopec's incompetency. Proof of such prejudice cannot be based on mere conjecture or speculation as to the outcome. *People v. Palmer*, 162 Ill. 2d 465, 481 (1994). Further, as the majority states (*supra* ¶ 22), the Post-Conviction Hearing Act requires that a postconviction petition "have attached thereto affidavits, records, or other evidence supporting its allegations or *** state why the same are not attached." 725 ILCS 5/122-2 (West 2014).

¶ 31    Without an affidavit or other evidence stating the terms of the plea deal (or possibly showing this was just an opening offer to negotiate which counsel discouraged), or a statement from postconviction counsel regarding why such support was lacking, any prejudice to defendant was speculative and therefore fatal to his petition. Postconviction counsel had a responsibility to amend the petition in such a way that the prejudice to defendant during the plea process was based on actual evidence, not just conjecture. *Palmer*, 162 Ill. 2d at 481. As counsel did not do so, his performance was unreasonable.

¶ 32    Finally, the majority states, "Moreover, even if we accept defendant's contention that there was a term of years in the plea, counsel's decision not to attach an affidavit of the State or Kopec may have been *strategy* as the term of imprisonment offered could have been more than the sentence defendant actually received." (Emphasis added.) *Supra* ¶ 22. I am not aware of any case law, nor does the majority cite any, that permits a gloss of "strategy" to excuse postconviction counsel's failure to comply with his statutorily mandated duty to support a defendant's claim or explain why he was unable to do so. Instead, a court's deference to an attorney's "strategy" is restricted to the context of representation at *trial*. In contrast, postconviction counsel's discretionary decisions are limited to two choices: (1) attach supporting affidavits, records, or other evidence or (2) explain the absence of such documents. 725 ILCS 5/122-2 (West 2012). There is no "strategy" or excuse justifying an attorney's decision to do neither.

¶ 33    Accordingly, I would reverse the dismissal of defendant's claim that he received ineffective assistance of counsel during plea negotiations and remand for third-stage postconviction proceedings.