**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200535-U

Order filed April 6, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-20-0535 Circuit No. 02-CF-216 |
| JIM L. RICHARDSON, | ) ) ) | Honorable Greg G. Chickris, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Albrecht and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Postconviction counsel did not provide unreasonable assistance.

¶ 2    The defendant, Jim L. Richardson, appeals from the second stage dismissal of his postconviction petition, arguing that his counsel provided unreasonable assistance where he failed to shape the defendant's contentions into proper legal form and attach evidentiary support.

¶ 3                                    I. BACKGROUND

¶ 4         After a jury trial in 2003, the defendant was convicted of the first degree murder of his brother-in-law, Harold Collins. The evidence established that the defendant's sister, Susan Collins, had loaned the defendant a substantial amount of money over the years. Harold told Susan to stop lending the defendant money and not to associate with him until he began to pay her back. Susan told this to defendant, and the defendant got mad. Harold and the defendant got into a physical altercation a couple of months before Harold's death. On the night of the murder, Susan stayed at her sister's house to care for her as she was ill. Susan went home the next morning, found Harold's body, and realized that some of her jewelry was missing.

¶ 5         During a videotaped interview, the defendant admitted that he went to Harold and Susan's house to kill Harold. He stated that he used a wood two-by-four as a combat weapon. The defendant took jewelry to make the incident look like a robbery. He stated that, once he left, he threw the two-by-four on top of an outhouse along the Mississippi River. The two-by-four was found by the investigators in the location described by the defendant.

¶ 6         After the defendant was arrested for the crime, he wrote letters to Susan and called her. The letters stated that it was actually Geoff Mercinni that borrowed the money from Susan, and Mercinni forced the defendant to go to Susan and Harold residence at gunpoint. The defendant told Susan that Mercinni threatened to kill the defendant's family.

¶ 7         The defendant testified at trial that Mercinni came to his house with a gun and forced the defendant to drive him to Harold and Susan's house. Once they arrived, they went down to the basement to get a two-by-four. According to the defendant, Mercinni was the one who killed Harold with the two-by-four. Mercinni also took the jewelry and put it in the defendant's pocket. The defendant stated that he confessed to the crime because Mercinni had threatened to kill him and his family if he told anyone. The defendant was sentenced to 60 years' imprisonment. His

conviction and sentence were affirmed on direct appeal. *People v. Richardson*, No. 3-03-0504 (2005) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8 In 2006, the defendant filed a *pro se* postconviction petition alleging ineffective assistance of trial counsel, which was dismissed at the second stage. On appeal this court reversed the dismissal and remanded for counsel to comply with Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). *People v. Richardson*, 2012 IL App (3d) 100599-U.

¶ 9 On remand counsel filed a certificate pursuant to Rule 651(c) and an amended petition. The defendant filed multiple *pro se* documents raising new claims and filed an ARDC complaint against counsel. The court appointed new counsel to represent the defendant in July 2016. Counsel filed a third amended postconviction petition in September 2019. The petition raised the following claims: (1) trial counsel failed to investigate evidence that the defendant was visually impaired at the time of the offense, (2) trial counsel failed to investigate evidence that would have shown that the murder was not committed with the two-by-four, (3) trial counsel failed to file a motion to dismiss the case as his right to a speedy trial was violated, (4) appellate counsel failed to raise the speedy trial issue on appeal, (5) his sentence violated the proportionate penalties clause, and (6) appellate counsel failed to raise the proportionate penalties issue on appeal. Attached to the petition was an affidavit from the defendant, some medical records, the defendant's renderings of the alleged murder weapon as compared to other lumber, and the defendant's drawing of the back of Harold's head. Counsel also filed a compliant Rule 651(c) certificate.

¶ 10 The State filed a motion to dismiss, arguing that the record rebutted the defendant's claims. After a hearing the court granted the State's motion to dismiss in a written order. The court found, *inter alia*, that counsel was not ineffective for failing to investigate evidence that would have shown the murder was not committed with a two-by-four because an expert witness said the

injuries to Harold were consistent with the two-by-four, and the defendant was very invested in claiming the two-by-four was the murder weapon, which was shown by his confession during the investigation, his testimony at trial, and the fact that he led the police to the two-by-four. Moreover, the court found that the defendant's proportionate penalties claim was forfeited as it should have been raised on direct appeal, citing *People v. McNeal*, 194 Ill. 2d 135, 140 (2000).

¶ 11                                             II. ANALYSIS

¶ 12       On appeal, the defendant argues that postconviction counsel provided unreasonable assistance. Specifically, the defendant argues that (1) counsel failed to attach an autopsy photo, (2) counsel failed to discuss or include evidence showing the defendant's rehabilitative potential, and (3) there was excessive delay in moving the defendant's claims toward a hearing.

¶ 13       Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), a petitioner is entitled to a reasonable level of assistance of postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure such assistance, Rule 651(c) requires counsel to (1) consult with the petitioner to ascertain his contentions of constitutional deprivations, (2) examine the record of the trial proceedings, and (3) make any amendments to the *pro se* petition necessary to adequately present the petitioner's contentions. *Id.*; Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984). The purpose of this rule is to ensure that postconviction counsel shapes the defendant's claims into proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44. We consider *de novo* both counsel's compliance with a supreme court rule and the dismissal of a postconviction petition on motion of the State. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 14       The filing of a compliant Rule 651(c) certificate gives rise to the presumption that postconviction counsel provided reasonable assistance. *Id.* ¶ 23. Here, counsel filed the required certificate, and we presume that counsel provided the requisite representation. The defendant bears

4

the burden of overcoming this presumption by demonstrating counsel's failure to substantially comply with the duties mandated under Rule 651(c). *Id.*

¶ 15 First, the defendant argues that counsel was unreasonable for only attaching his drawing of an autopsy photo, instead of attaching the actual autopsy photo. We disagree. "[I]f amendments to a *pro se* petition would only further a frivolous or patently nonmeritorious claim they are not necessary within the meaning of Rule 651(c)." *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10.

¶ 16 Here, the defendant's claim that trial counsel was ineffective for failing to investigate evidence that the crime was not committed by a two-by-four was clearly frivolous. As the court found when dismissing the petition, the defendant himself consistently claimed the murder was committed by the two-by-four, even when he changed his story. He also told the officers where the two-by-four was located, it had Harold's blood on it, and an expert testified that it was consistent with the wound.

¶ 17 In coming to this conclusion, we note that the defendant argues that, if counsel believed that the claim was spurious, he should have withdrawn the claim. However, counsel has the option to either stand on the allegations in a *pro se* petition or withdraw. *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10. By solely including quotations to the defendant's *pro se* petition and the exhibits the defendant included in his *pro se* petition, counsel was standing on the defendant's allegation.

¶ 18 Second, the defendant argues that counsel should have specifically addressed the defendant's rehabilitative potential and attached evidence of the defendant's rehabilitative efforts to support his sentencing claim. The defendant does not state what sort of evidence or argument counsel should have made. Without a showing that there was evidence available of the defendant's rehabilitative potential, a failure to present such evidence cannot be considered neglect by counsel. See *People v. Stovall*, 47 Ill. 2d 42, 46 (1970). Postconviction counsel need not go on a "fishing

5

expedition" to find facts and evidence outside the record with which to support the defendant's claim. See *People v. Vasquez*, 356 Ill. App. 3d 420, 425 (2005).

¶ 19 Last, we do not find that the delay in this case "underscores the unreasonable representation in this matter." We note that half of the delay occurred while the defendant was represented by his first counsel, who he apparently had issues with. The court then appointed new counsel, who adequately amended the defendant's claims. As delay itself does not provide noncompliance with Rule 651(c) (*People v. Blake*, 2022 IL App (2d) 210154, ¶ 27), we cannot say that counsel was unreasonable.

¶ 20                                    III. CONCLUSION

¶ 21 The judgment of the circuit court of Henry County is affirmed.

¶ 22 Affirmed.